UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X

THE ESTATE OF YARON UNGAR, *et al.*,

               Plaintiffs

             -against-

ORASCOM TELECOM HOLDINGS, S.A.E., *et al.*

              Defendants.

------------------------------------------------------------------------ X

Docket no.:
05 CV-7765 (CM) (LMS)

**REQUEST TO ENTER <u>DEFAULT</u>**

**To the Clerk, United States District Court, Southern District of New York:**

        Pursuant to Fed. R. Civ. P. 55(a), the plaintiffs respectfully request that you enter a default on the record against the defendant The Palestine Investment Fund, a/k/a Palestinian Investment Fund, a/k/a Sharekat Sundouk al-Istithmar al-Filistinee (hereinafter, "PIF").

        The docket sheet (Exhibit A) reflects that the summons and complaint (Exhibit B) were served on the PIF by the Clerk of this Court on October 12, 2005 by registered mail, return receipt requested, Federal Express, and DHL (see docket entries 7, 8 and 9). The Clerk's Certificates of Mailing are annexed hereto as Exhibits C, D, and E.

        The Clerks' certificates of mailing reflect that the summons and complaint were sent by registered mail, return receipt requested, Federal Express, and DHL to the PIF at the following address: Hanadi Tower, Al Rashid Street, El Rimal Al Janobi, Gaza City, Gaza Strip. This address was obtained from the PIF's most recent (2004) annual report, a copy of which is annexed as Exhibit F (see page 9).

        Actual delivery of the summons and complaint on defendant PIF by DHL was made on October 22 2005, as been confirmed by DHL (Exhibit G). Actual delivery of the

summons and complaint on defendant PIF by Federal Express was made on October 27, 2005, as been confirmed by Federal Express (Exhibit H)

More than 20 days has elapsed since service of the summons and complaint on defendant PIF on October 22 and 27, 2005, and PIF has not filed or served an answer or any responsive pleading, or entered an appearance.

Defendant PIF is therefore in default, and pursuant to Fed. R. Civ. P. 55(a) we request that the default of the PIF be entered on the record forthwith.

Dated: New York, New York
      November 16, 2005

JAROSLAWICZ & JAROS
*Attorneys for plaintiffs*

by: _____
    Robert J. Tolchin (RT 3713)
    Of Counsel

150 William Street, 19th floor
New York, New York 10038
(212) 227-2780

TO:    WHITE & CASE
      710 Thirteenth Street, NW
      Washington, D.C. 20005

# Exhibit A

**U.S. District Court**
**Southern District of New York (White Plains)**
**CIVIL DOCKET FOR CASE #: 7:05-cv-07765-CM**

The Estate of Yaron Ungar et al v. Orascom Telecom Holdings S.A.E. et al

Assigned to: Judge Colleen McMahon

Cause: 28:1331 Fed. Question: Other

Date Filed: 09/02/2005

Jury Demand: None

Nature of Suit: 190 Contract: Other

Jurisdiction: Federal Question

**Plaintiff**

**The Estate of Yaron Ungar**
*by and through its administrator, David Strachman*

represented by    **David William Tolchin**
Jaroslawicz & Jaros
150 William St.
New York, NY 10038
(212) 227-2780
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert Joseph Tolchin**
Law office of Robert J. Tolchin
150 William Street 19th floor
New York, NY 10038
212-227-2181
Fax: 212-227-5090
Email: rjt@tolchinlaw.com

**Plaintiff**

**Dvir Ungar**
*minor, by his guardians and next friends*

represented by    **David William Tolchin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert Joseph Tolchin**
(See above for address)
*LEAD ATTORNEY*

**Plaintiff**

**Yishai Ungar**
*minor, by his guardians and next friends*

represented by    **David William Tolchin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert Joseph Tolchin**
(See above for address)
*LEAD ATTORNEY*

**Plaintiff**

**Professor Meir Ungar**
*individually*

represented by    **David William Tolchin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert Joseph Tolchin**
(See above for address)
*LEAD ATTORNEY*

**Plaintiff**

**Professor Meir Ungar**
*in their capacity s legal guardian of Dvir Ungar and Yishai Ungar*

represented by    **David William Tolchin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert Joseph Tolchin**
(See above for address)
*LEAD ATTORNEY*

**Plaintiff**

**Judith Ungar**
*individually*

represented by   **David William Tolchin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert Joseph Tolchin**
(See above for address)
*LEAD ATTORNEY*

<u>**Plaintiff**</u>

**Judith Ungar**
*in their capacity s legal guardian of Dvir Ungar and Yishai Ungar*

represented by   **David William Tolchin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert Joseph Tolchin**
(See above for address)
*LEAD ATTORNEY*

<u>**Plaintiff**</u>

**Rabbi Uri Dasberg**
*in their capacituy as legal guardians of Dvir Ungar and Yishai Ungar*

represented by   **David William Tolchin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert Joseph Tolchin**
(See above for address)
*LEAD ATTORNEY*

<u>**Plaintiff**</u>

**Judith Dasberg**
*in their capacituy as legal guardians of Dvir Ungar and Yishai Ungar*

represented by   **David William Tolchin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert Joseph Tolchin**
(See above for address)
*LEAD ATTORNEY*

<u>**Plaintiff**</u>

**Amichai Ungar**

represented by   **David William Tolchin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert Joseph Tolchin**
(See above for address)
*LEAD ATTORNEY*

<u>**Plaintiff**</u>

**Dafna Ungar**

represented by   **David William Tolchin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert Joseph Tolchin**
(See above for address)
*LEAD ATTORNEY*

<u>**Plaintiff**</u>

**Michal Cohen**

represented by   **Robert Joseph Tolchin**
(See above for address)
*LEAD ATTORNEY*

**David William Tolchin**
Jaroslawicz & Jaros
150 William St.
New York, NY 10038
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Orascom Telecom Holdings S.A.E.**
*also known as*
Orascom Telecom
*also known as*
OTH

represented by **Christopher Mark Curran**
White & Case LLP (DC)
701 Thirteenth Street, Nw
Washington, DC 20005
(202) 626-3600
Email: ccurran@whitecase.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Nicole Erb**
White & Case LLP (DC)
701 Thirteenth Street, Nw
Washington, DC 20005
202-626-3694
Fax: 202-639-9355
Email: nerb@whitecase.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**The Palestine Investment Fund**
*also known as*
Palestinian Investment Fund
*also known as*
Sharekat Sundouk al-Istithmar al-Filistinee

| Date Filed | # | Docket Text |
|---|---|---|
| 09/02/2005 | 1 | COMPLAINT against Orascom Telecom Holdings S.A.E., The Palestine Investment Fund. (Filing Fee $ 250.00, Receipt Number 5541212)Document filed by Meir Ungar(in their capacity s legal guardian of Dvir Ungar and Yishai Ungar), Judith Ungar(in their capacity s legal guardian of Dvir Ungar and Yishai Ungar), Uri Dasberg, Judith Dasberg, Amichai Ungar, Dafna Ungar, Michal Cohen, The Estate of Yaron Ungar, Dvir Ungar, Yishai Ungar, Meir Ungar(individually).(laq, ) (Entered: 09/09/2005) |
| 09/02/2005 | | SUMMONS ISSUED as to Orascom Telecom Holdings S.A.E., The Palestine Investment Fund. (laq, ) (Entered: 09/09/2005) |
| 09/02/2005 | | Magistrate Judge Andrew J. Peck is so designated. (laq, ) (Entered: 09/09/2005) |
| 09/02/2005 | | Case Designated ECF. (laq, ) (Entered: 09/09/2005) |
| 09/14/2005 | 2 | NOTICE of Appearance by Robert Joseph Tolchin on behalf of all plaintiffs (Tolchin, Robert) (Entered: 09/14/2005) |
| 09/15/2005 | 3 | NOTICE OF CASE REASSIGNMENT to Judge Colleen McMahon. Judge Naomi Reice Buchwald no longer assigned to the case. (laq, ) (Entered: 09/20/2005) |
| 09/15/2005 | | Magistrate Judge Lisa Margaret Smith is so redesignated. (fk, ) (Entered: 09/23/2005) |
| 09/20/2005 | | Mailed notice to the attorney(s) of record. (laq, ) (Entered: 09/20/2005) |
| 09/23/2005 | 4 | NOTICE of Appearance by Christopher Mark Curran on behalf of Orascom Telecom Holdings S.A.E. (Curran, Christopher) (Entered: 09/23/2005) |
| 09/23/2005 | 5 | NOTICE of Appearance by Nicole Erb on behalf of Orascom Telecom Holdings S.A.E. (Erb, Nicole) (Entered: 09/23/2005) |
| 09/26/2005 | 6 | AFFIDAVIT OF SERVICE. Orascom Telecom Holdings S.A.E. served on 9/7/2005, answer due 9/27/2005. Service was accepted by Zouhair Khaliq and Hatim el-Gammal. Document filed by Meir Ungar(in their capacity s legal guardian of Dvir Ungar and Yishai Ungar); Judith Ungar(individually); Judith Ungar(in their capacity s legal guardian of Dvir Ungar and Yishai Ungar); Uri Dasberg; Judith Dasberg; Amichai Ungar; Dafna Ungar; Michal Cohen; The Estate of Yaron Ungar; Dvir Ungar; Yishai Ungar; Meir Ungar(individually). (Tolchin, Robert) (Entered: 09/26/2005) |
| 10/07/2005 | 7 | CLERK CERTIFICATE OF MAILING of Summons & Complaint mailed to Palestine Investment Fund at the following address: Palestine Investment Fund (Shyarekat Sundouk al-Istathmar al-filistinee), Hanadi Tower, Al Rashid St, El Rimal Al Janobi, Gaza City, Gaza Strip Israel on 10/7/05 by Federal Express International Waybill # 8451 6238 5495. (ps, ) (Entered: 10/13/2005) |
| 10/11/2005 | 8 | CLERK CERTIFICATE OF MAILING of Summons & Complaint mailed to Palestine Investment Fund at the following address: Palestine Investment Fund (Shyarekat Sundouk al-Istathmar al-filistinee), Hanadi Tower, Al Rashid St, El Rimal Al Janobi, Gaza City, Gaza Strip Israel on 10/11/05 by DHL # 827 5219 466.(ps, ) (Entered: 10/13/2005) |

Case 1:05-cv-07765-CM     Document 12     Filed 11/16/2005     Page 7 of 38

| 10/11/2005 | 10 | STIPULATION. IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned counsel for their respective clients that: The time by which Orascom Telecom Holding S.A.E. must respond to the Complaint is adjourned until twenty (20) days after October 14, 2005..... (Signed by Judge Colleen McMahon on 10/11/05) (jma, ) (Entered: 10/13/2005) |
| --- | --- | --- |
| 10/12/2005 | 9 | CLERK CERTIFICATE OF MAILING of Summons & Complaint mailed to Palestine Investment Fund at the following address: Palestine Investment Fund (Shyarekat Sundouk al-Istathmar al-filistinee), Hanadi Tower, Al Rashid St, El Rimal Al Janobi, Gaza City, Gaza Strip Israel on 10/12/05 by Registered Mail # 632 837 689(ps, ) (Entered: 10/13/2005) |
| 10/17/2005 | 11 | STIPULATION: IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned, counsel for their respective clients, that: The time by which Orascom Telecom Holding S.A.E. must respond to the Complaint is adjourned until at least twenty (20) days after 11/18/2005...SO ORDERED: (Signed by Judge Colleen McMahon on 10/17/2005). "The Clerk's Office Has Mailed Copies".(mde, ) (Entered: 10/18/2005) |

| PACER Service Center | | | |
| --- | --- | --- | --- |
| Transaction Receipt | | | |
| 11/16/2005 19:48:42 | | | |
| PACER Login: | jj0043 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 7:05-cv-07765-CM |
| Billable Pages: | 4 | Cost: | 0.32 |

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------- X

THE ESTATE OF YARON UNGAR by and through its
Administrator, DAVID STRACHMAN; DVIR UNGAR,
minor, by his guardians and next friends, YISHAI
UNGAR, minor, by his guardians and next friends,
PROFESSOR MEIR UNGAR, JUDITH UNGAR,
individually and in their capacity as legal guardians of
Plaintiffs DVIR UNGAR and YISHAI UNGAR; RABBI
URI DASBERG, and JUDITH DASBERG, in their capacity
as legal guardians of Plaintiffs DVIR UNGAR and
YISHAI UNGAR; AMICHAI UNGAR; DAFNA UNGAR;
and MICHAL COHEN,

Plaintiffs,

Civil No: _____ / 05    05 CV 7765 (NRB)(AJP)

**COMPLAINT**

-against-

ORASCOM TELECOM HOLDING S.A.E. (a/k/a
"Orascom Telecom" a/k/a "OTH") and
THE PALESTINE INVESTMENT FUND (a/k/a
"Palestinian Investment Fund" a/k/a "Sharekat
Sundouk al-Istithmar al-Filistinee"),

Defendants.

------------------------------------------------------------------------- X

PLAINTIFFS, complaining of the Defendants, by their attorneys,
JAROSLAWICZ & JAROS, allege for their complaint as follows:

## NATURE OF PROCEEDING AND RELIEF REQUESTED

1.      Plaintiffs hold a final judgment in excess of $116,000,000 against the Palestinian Authority ("PA") and the Palestine Liberation Organization ("PLO") that was entered by the United States District Court for the District of Rhode Island on July 13, 2004, and thereafter registered in this Court pursuant to 28 U.S.C. § 1963 as Docket No. 18 MS 0302.

2.      Upon information and belief, Defendant ORASCOM TELECOM HOLDING S.A.E. owes debts to judgment debtor PA and/or holds money and/or other property which belongs to the PA and/or in which the PA has an interest, some of which debts, money and/or property are nominally owed and payable to and/or titled under the name of THE PALESTINE INVESTMENT FUND.

3.      Plaintiffs therefore bring this action for a judgment of turnover against Defendant ORASCOM TELECOM HOLDING S.A.E., in which THE PALESTINE INVESTMENT FUND has also been named as a Defendant.

4.      Plaintiffs clarify that they were not required to name THE PALESTINE INVESTMENT FUND as a party to, or provide it notice of, this proceeding, because (as explained below) THE PALESTINE INVESTMENT FUND has no legal existence separate from judgment-debtor PA. Moreover, alternatively, even if THE PALESTINE INVESTMENT FUND is found to be an entity legally separate from the PA, its status would (at most) be that of a putatively interested party that could seek to intervene to assert claims. Plaintiffs recognize, however, that for its own protection Defendant ORASCOM TELECOM HOLDING S.A.E. would likely seek to implead THE PALESTINE INVESTMENT FUND, which procedure would unnecessarily delay this action. Thus, solely in order to streamline and expedite this action, Plaintiffs have named "THE PALESTINE INVESTMENT FUND" as a defendant.

## JURISDICTION AND VENUE

5.    This Court has jurisdiction over this matter pursuant to 18 U.S.C. §§ 2333 and 2338, 28 U.S.C. §§ 1331 and 1963, the Court's ancillary enforcement jurisdiction and the Court's equity powers.

6.    This Court has jurisdiction over Defendants pursuant to Fed.R.Civ.P. 4(k)(1) and/or 4(k)(2).

7.    The Southern District of New York is the proper venue for this action pursuant to 28 U.S.C. § 1391(b) and (d).

## THE PARTIES

8.    Plaintiff THE ESTATE OF YARON UNGAR, which is represented in this action by a court-appointed administrator, attorney David Strachman, holds a judgment against the PA and the PLO, jointly and severally, in the amount of $2,932,158.00.

9.    Plaintiffs DVIR UNGAR and YISHAI UNGAR, minors who bring this action through their grandparents and legal guardians plaintiffs Meir Ungar, Judith Ungar, Uri Dasberg and Judith Dasberg, each hold a judgment against the PA and the PLO, jointly and severally, in the amount of $30,488,482.50.

10.    Plaintiffs PROFESSOR MEIR UNGAR and JUDITH UNGAR, who bring this action individually and in their capacity as legal guardians of plaintiffs Dvir and Yishai Ungar, each hold a judgment against the PA and the PLO, jointly and severally, in the amount of $15,000,000.00.

11.    Plaintiffs RABBI URI DASBERG and JUDITH DASBERG bring this action in their capacity as legal guardians of plaintiffs Dvir and Yishai Ungar.

- 3 -

12.     Plaintiffs AMICHAI UNGAR, DAFNA UNGAR and MICHAL COHEN each hold a judgment against the PA and the PLO, jointly and severally, in the amount of $7,500,000.00.

13.     Upon information and belief, Defendant ORASCOM TELECOM HOLDING S.A.E (a/k/a "Orascom Telecom" a/k/a "OTH") (hereinafter "ORASCOM") is a corporation organized and existing pursuant to the laws of the State of Egypt.

14.     Upon information and belief, ORASCOM, itself and/or through its agents, transacts extensive business in the State of New York and throughout the United States.

15.     Upon information and belief, ORASCOM, itself and/or through its agents, maintains assets within the State of New York and elsewhere in the United States.

16.     Upon information and belief, commercial and investment assets owned by judgment debtor PA are nominally titled under the name THE PALESTINE INVESTMENT FUND ("PIF") and PIF is an alias and/or shell fund of the PA.

17.     Upon information and belief, the PA, itself and/or through its agents, transacts extensive business under the name "THE PALESTINE INVESTMENT FUND" in the State of New York and throughout the United States.

18.     Upon information and belief, alternatively if the PIF is found to have cognizable legal personality separate from the PA, the PIF, itself and/or through its agents, transacts extensive business in the State of New York and throughout the United States.

19.     Upon information and belief, the PA, itself and/or through its agents, maintains assets within the State of New York and elsewhere in the United States that are nominally titled under the name THE PALESTINE INVESTMENT FUND.

## STATEMENT OF FACTS

### A.    Background

20.    Plaintiffs are the orphaned children, parents, siblings and administrator of the Estate of United States citizen Yaron Ungar, who was murdered, along with his pregnant wife Efrat, in a terrorist machine-gun attack on June 9, 1996 in Israel.

21.    A 25 year-old New York native, Yaron was a schoolteacher studying for rabbinical ordination when he was murdered.

22.    The Ungars were ambushed while returning from a wedding.

23.    Efrat shielded their ten month-old son Yishai from the bullets and he survived the attack.

24.    The Ungars' other son Dvir, then two years old, was not in the vehicle.

25.    In March 2000, the Ungar family filed suit against the Palestinian Authority, the Palestine Liberation Organization, and other defendants, in the United States District Court for the District of Rhode Island under the Antiterrorism Act ("ATA") 18 U.S.C. § 2331 *et seq. Ungar et al. v. The Palestinian Authority et al.*, Civil Action 00-105L (D.R.I.).

26.    Section 2333(a) of the ATA creates a federal cause of action for a U.S. national, or his estate, survivors and heirs, injured by reason of an act of "international terrorism" as defined in § 2331.

27.    Section 2338 of the ATA provides that the "district courts of the United States shall have exclusive jurisdiction over an action brought under" § 2333.

28.    On July 13, 2004, the United States District Court in Rhode Island entered final judgment for the Plaintiffs and against the PA and PLO, jointly and severally, in the amount of $116,409,123.00 in damages, and for attorney's fees in the amount of $11,925.00 against the PA and $6,345.00 against PLO, and on March 31, 2005, the Court of Appeals for the

First Circuit affirmed the judgment of the Rhode Island District Court. *Ungar v. Palestinian Authority*, 325 F.Supp.2d 15 (D.R.I. 2004) *aff'd* 402 F.3d 274 (1st Cir. 2005).

29.    On May 5, 2005, the United States District Court for the District of Rhode Island entered an order finding that

> (i) Plaintiffs have presented evidence that Defendants do not intend to honor the judgment of the Court in this action, that Defendants have recently liquidated assets comprising a significant part of their overall investment portfolio, and that persons holding Defendants' assets in the United States are in the process of returning those assets to Defendants.
>
> (ii) Defendants are foreign entities and the dissipation of their U.S.-based assets is liable to render satisfaction of the judgment entered by this Court impossible. That judgment is intended to compensate Plaintiffs for the murder of their decedent, and Plaintiffs' inability to satisfy the judgment and receive the compensation due to them would therefore cause Plaintiffs severe and irreparable injury.

Injunction, May 5, 2005, *Ungar v. Palestinian Authority*, Civil Action 00-105L (D.R.I.).

30.    The PA and PLO have refused to satisfy Plaintiffs' judgment, and have expressly informed the Ungars' trial counsel that they "will never pay" the judgment.

31.    Plaintiffs have served several deposition notices seeking to depose officials of the PA and PLO with knowledge of the investments and assets of the PA and PLO, but the PA and PLO have refused to produce their officials for deposition.

32.    The PA and the PLO are refusing to pay the Ungars' judgment because they do not recognize the authority of this Court or of any other court of the United States.

33.    On July 15, 2005, Judge Marrero of this Court ordered the PA and PLO to pay discovery sanctions in the amount of some $19,000 previously imposed by the court in *Knox v. Palestine Liberation Organization*, Civ. No. 4466 (VM), and to answer the complaint in

that action, by no later than August 15, 2005. In response to that order, the PLO and PA sent a

letter to Judge Marrero on August 15, 2005, stating that:

> [T]he defendants have instructed counsel to present only
> their position that U.S. courts have no jurisdiction over them
> and not to answer on the merits . . .
>
> This same position, that the Court has no jurisdiction over
> them, applies to the order for defendants to pay sanctions.

Letter from Ramsey Clark to Marrero, J., August 15, 2005, *Knox v. Palestine Liberation*

*Organization*, Civ. No. 4466 (VM).

34.    To date, Plaintiffs have not received a single cent of their judgment.

35.    Plaintiffs have registered their judgment against the PA and PLO in this

Court pursuant to 28 U.S.C. § 1963 as Docket No. 18 MS 0302.

36.    Pursuant to 28 U.S.C. § 1963, Plaintiffs' judgment now has "the same

effect as a judgment of" this Court "and may be enforced in like manner."

37.    Upon    information    and    belief,    Defendant    ORASCOM    is    a

telecommunications company incorporated and headquartered in Egypt.

38.    Upon information and belief, Defendant ORASCOM conducts extensive

business and commercial activities throughout the United States and the State of New York,

and holds assets in the State of New York and elsewhere in United States.

**B.    Defendant ORASCOM is Indebted to and Holds Assets of Judgment-Debtor PA**

39.    Upon information and belief, as of January 1, 2003, the PA made, held

and owned the following direct investments in Defendant ORASCOM (collectively hereinafter:

"Direct Investments"):

a.    On December 10, 2002, the PA purchased 10 million shares of Defendant

ORASCOM; and

b.  As of January 1, 2003, the PA owned 2 million Global Depository Receipts ("GDR") shares of Defendant ORASCOM traded on the London stock exchange; and

c.  On an unknown date or dates prior to January 1, 2003, the PA transferred approximately $107,500,000.00 to Defendant ORASCOM as an investment, in expectation of an increase in shareholder capital which did not take place.

40.  Upon information and belief, the Direct Investments have not been repaid to the PA, and Defendant ORASCOM remains indebted to the PA for the amount of the Direct Investments.

41.  Upon information and belief, Orascom Telecom Algeria (a/k/a "Djezzy") (hereinafter: "OTA") and Orascom Telecom Tunisia (a/k/a "Tunisiana") (hereinafter: "OTT") are telecommunication companies.

42.  Upon information and belief Defendant ORASCOM owns a majority ownership interest in OTT and OTA.

43.  Upon information and belief, on an unknown date or dates, the PA acquired direct and/or indirect stakes and/or shares and/or other interests in OTA and OTT (collectively hereinafter: "PA's OTA and OTT Stakes").

44.  Upon information and belief, on an unknown date or dates, Defendant ORASCOM agreed to purchase the PA's OTA and OTT Stakes for an unknown sum totaling hundreds of millions of dollars.

45.  Upon information and belief, on an unknown date or dates in late 2004 and/or early 2005, Defendant ORASCOM purchased and acquired the PA's OTA and OTT

- 8 -

Stakes for an unknown sum totaling hundreds of millions of dollars (hereinafter: "Defendant ORASCOM's Acquisition of the PA's OTA and OTT Stakes").

46.    Upon information and belief, as a consequence and result of, and as consideration for, Defendant ORASCOM's Acquisition of the PA's OTA and OTT Stakes, Defendant ORASCOM is indebted to and owes the PA at least tens and probably hundreds of millions of dollars.

47.    Upon information and belief, the PA carried out all of the above-described transactions and investments in its own name and/or under various aliases, and/or under the names of various shell funds, including without limitation "The Palestinian Commercial Services Corporation" (a/k/a "Palestine Commercial Services Company") ("PCSC") and "The Palestine Investment Fund" ("PIF") (collectively hereinafter: "Aliases and Shell Funds")

48.    Upon information and belief, all or nearly all of the Aliases and Shell Funds including the PCSC and PIF were created and are controlled and/or directed by Mohammed Rashid (a/k/a Mohammed Rachid a/k/a Khaled Salaam) (hereinafter: "Rashid").

49.    Upon information and belief, Rashid has managed the covert assets and investments of the PA and PLO for decades.

50.    Plaintiffs have served the PA and PLO with a notice of deposition requiring the PA and PLO to produce Rashid to provide deposition testimony regarding, *inter alia,* the investments and assets of the PA and PLO held by and/or titled to the PIF, the PCSC and the other Aliases and Shell Funds, but the PA and PLO have refuse to produce Rashid and have informed Plaintiffs that they will not do so.

51.    Upon information and belief, the PA created and uses the Aliases and Shell Funds to shield the financial activities and assets of the PA from law-enforcement and tax authorities and from creditors such as the instant Plaintiffs.

52.    Upon information and belief, the Aliases and Shell Funds are aliases and pseudonyms for the PA and have no legal personality or corporate identity separate from the PA.

53.    Upon information and belief, alternatively, any separate legal personality and/or or corporate identity formally or nominally enjoyed and/or claimed by any of the Aliases and Shell Funds is artificial and/or fraudulent and so not legally cognizable.

54.    Upon information and belief, alternatively, any separate legal personality and/or or corporate identity formally or nominally enjoyed and/or claimed by any of the Aliases and Shell Funds is intended solely to shield the financial activities and assets of the PA from law-enforcement and tax authorities and from creditors and so not legally cognizable.

55.    Upon information and belief, alternatively, any of the Aliases and Shell Funds that have cognizable legal personality or corporate identity separate from the PA, are shell entities wholly-owned and controlled by the PA with no purpose or business other than to act as investment vehicles for the PA.

56.    Upon information and belief, alternatively, any of the Aliases and Shell Funds that have cognizable legal personality or corporate identity separate from the PA, are agents and/or trustees and/or fiduciaries of the PA.

57.    Upon information and belief, alternatively, any of the Aliases and Shell Funds that have cognizable legal personality or corporate identity separate from the PA, constitute and serve as constructive and/or resulting trusts for the PA.

58.    Upon information and belief, the PIF was capitalized by the PA without consideration.

59.    Upon information and belief, all assets and property nominally titled to and/or owned by the PIF were conveyed to the PIF by the PA without fair consideration,

during the period that the PA was a defendant in the underlying action for money damages in the United States District Court in Rhode Island.

60.    Upon information and belief, none of the Aliases and Shell Funds, whether or not they have cognizable legal personality or corporate identity separate from the PA, own any property or assets of their own.

61.    Upon information and belief, any and all assets and property of any type designated or titled to, or held in, the name of the Aliases and Shell Funds, are legally, beneficially and equitably owned by the PA.

62.    Upon information and belief, any and all debts owed and/or due to, or payable in the name of, the Aliases and Shell Funds, are legally, beneficially and equitably owed, due and payable to the PA.

63.    In at least ten sworn affidavits submitted by the PA in civil proceedings pending in Israeli courts (copies of which are in Plaintiffs' possession) the PA has identified the Direct Investments in Defendant ORASCOM and the PA's OTA and OTT Stakes—specifically by name—as assets owned by the PA and available for the satisfaction of judgments against the PA (hereinafter: "PA Affidavits in the Israeli Proceedings").

64.    The PA submitted the PA Affidavits in the Israeli Proceedings in support of successful motions filed by the PA in the Israeli courts to vacate or reduce the amount of prejudgment attachments that had been imposed on the PA by the Israeli courts in those proceedings.

65.    The PA is therefore judicially estopped from contesting or opposing the instant action.

66.     Additionally and/or alternatively the PA Affidavits in the Israeli Proceedings constitute admissions dispositive of the instant action. [1]

67.     Therefore, any amounts nominally owed, due or and/or payable from Defendant ORASCOM to any of the Aliases and Shell Funds are legally, beneficially and equitably owed, due and payable to the PA, and any money or other property held by Defendant ORASCOM titled to any of the Aliases and Shell Funds, or in which any of the Aliases and Shell Funds claim an interest, constitute money, property and/or interests legally, beneficially and equitably owned by the PA.

## AS AND FOR PLAINTIFFS' FIRST CLAIM FOR RELIEF

### TURNOVER

### UNDER A CREDITOR'S BILL/SUPPLEMENTAL BILL

68.     Plaintiffs repeat and reallege each of the foregoing allegations with the same force and effect as if they were more fully set forth herein.

69.     Plaintiffs are judgment-creditors of the PA.

70.     The PA is a foreign entity.

---

[1] The PIF/PA are hereby cautioned that if they file papers in this matter contradicting the sworn affidavits filed by the PA in the Israeli proceedings, Plaintiffs will (1) seek all available sanctions under Fed.R.Civ.P. 11 and other relevant provisions; and (2) deliver copies of such contradictory papers to the chambers of the Israeli judges before whom the PA filed the sworn affidavits.

The Ungars, who have suffered through five years of contumacious, deceptive, and dilatory litigation conduct at the hands of the PA and PLO, will tolerate no more, and neither should the Court. *See Ungar,* 325 F. Supp. 2d at 62 (finding that the PA and PLO took "deliberate actions to delay the completion of this litigation" and "sought to delay these proceedings as long as possible," and imposing sanctions for their bad-faith conduct). *See also, Knox v. Palestine Liberation Organization,* 229 F.R.D. 65 (S.D.N.Y. 2005) (finding that the PLO and PA "generat[ed] more than a year's delay and thousands of dollars in legal expenses" warning that the "Court will not tolerate such practices in the future, and will consider any unexplained repetition of them sufficient grounds for imposition of sanctions on Defendants' counsel personally as well as on Defendants" and imposing sanctions of estoppel and attorneys fees).

71.    The United States District Court for the District of Rhode Island has found that the PA does not intend to honor Plaintiffs' judgment, that the PA has recently liquidated assets comprising a significant part of its overall investment portfolio, that Plaintiffs' judgment against the PA is intended to compensate Plaintiffs for the murder of their decedent, and that Plaintiffs' inability to satisfy the judgment and receive the compensation due to them would therefore cause Plaintiffs severe and irreparable injury.

72.    The PA has, moreover, expressly informed the Plaintiffs that it will never honor their judgment.

73.    The PA has openly refused to produce its officials, including Rashid, to provide deposition testimony regarding the PA's investments and assets.

74.    To date, Plaintiffs have not received a single cent of their judgment.

75.    The PA has notified this Court that it does not recognize the jurisdiction of this or any other court of the United States over the PA.

76.    Defendant ORASCOM is indebted to judgment-debtor PA.

77.    Defendant ORASCOM holds money and/or other property belonging to judgment-debtor PA and/or in which the PA has an interest.

78.    Plaintiffs are therefore entitled to bring the instant action as a creditor's bill and/or a supplemental bill under the Court's equity powers, and to entry of an order and judgment directing Defendant ORASCOM to turnover and pay to Plaintiffs, to the extent of the full amount of Plaintiffs' judgment against the PA: (a) all debts owed by Defendant ORASCOM to the PA, however titled; and (b) all money and/or other property of the PA, or in which the PA has an interest, however titled, in the control or possession of Defendant ORASCOM.

## AS AND FOR PLAINTIFFS' SECOND CLAIM FOR RELIEF

## TURNOVER

## PURSUANT TO CPLR §§ 5225 AND/OR 5227

79.    Plaintiffs repeat and reallege each of the foregoing allegations with the same force and effect as if they were more fully set forth herein.

80.    Plaintiffs are judgment-creditors of the PA.

81.    Defendant ORASCOM is indebted to judgment-debtor PA.

82.    Defendant ORASCOM holds money and/or other property belonging to judgment-debtor PA and/or in which the PA has an interest.

83.    Plaintiffs are therefore entitled to an order and judgment pursuant to New York State Civil Practice Law and Rules ("CPLR") §§ 5225 and/or CPPR 5227 ordering Defendant ORASCOM to turnover and pay to Plaintiffs, to the extent of the full amount of Plaintiffs' judgment against the PA: (a) all sums owed by Defendant ORASCOM to the PA, however titled; and (b) all money and/or other property of the PA, or in which the PA has an interest, however titled, in the control or possession of Defendant ORASCOM.

**WHEREFORE**, the Plaintiffs demand an order and judgment against Defendants:

(i) Ordering Defendant ORASCOM to turnover and pay to Plaintiffs, up to the full amount of Plaintiffs' judgment against the PA and the statutory post-judgment interest thereon:

(a)    All debts owed, due and/or payable by Defendant ORASCOM to the PA that are titled and/or payable in the names of the PA or the PIF, including without limitation all debts owed, due or payable as a consequence and result of, and/or as consideration for, the Direct Investments and

- 14 -

Defendant ORASCOM's Acquisition of the PA's OTA and OTT Stakes, as defined herein; and

(b)    All money and/or other property that is titled in the names of the PA or the PIF, or in which the PA or the PIF has a titular interest, in the control or possession of Defendant ORASCOM; and

(ii) Awarding Plaintiffs their costs, expenses, disbursements and attorney's fees in connection with this proceeding, together with such other and further relief that this Court deems just, proper and equitable.

Dated: New York, New York
       September 2, 2005

Yours,

JAROSLAWICZ & JAROS, ESQS.
*Attorneys for the plaintiffs*

by:    _____
       David Tolchin (1889)
       Robert J. Tolchin (3713)
       150 William Street, 19th Floor
       New York, New York 10038
       (212) 227-2780

       David Strachman, Esq.
       MCINTYRE, TATE, LYNCH & HOLT, LLP
       *Attorneys for the plaintiffs*
       321 South Main Street, Suite 400
       Providence, Rhode Island 02903
       (401) 351-7700

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

THE ESTATE OF YARON UNGAR by and through its
Administrator, DAVID STRACHMAN; DVIR UNGAR, minor,
by his guardians and next friends, YISHAI UNGAR, minor, by
his guardians and next friends, PROFESSOR MEIR UNGAR,
JUDITH UNGAR, individually and in their capacity as legal
guardians of Plaintiffs DVIR UNGAR and YISHAI UNGAR;
RABBI URI DASBERG, and JUDITH DASBERG, in their
capacity as legal guardians of Plaintiffs DVIR UNGAR and
YISHAI UNGAR; AMICHAI UNGAR; DAFNA UNGAR; and
MICHAL COHEN,

Civil No: _____ / 05

Plaintiffs,

-against-

ORASCOM TELECOM HOLDING S.A.E. (a/k/a "Orascom
Telecom" a/k/a "OTH") and
THE PALESTINE INVESTMENT FUND (a/k/a "Palestinian
Investment Fund" a/k/a "Sharekat Sundouk al-Istithmar al-
Filistinee"),

Defendants.

---

**COMPLAINT**

---

**Law Offices of**
**JAROSLAWICZ & JAROS**
*Attorneys for plaintiff*
150 William Street - 19th Floor
New York, New York 10038
(212) 227-2780

by: _David Tolchin_ _1887_

# Exhibit C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FILED
U.S. DISTRICT COURT

2005 OCT 7    A 9:44

THE ESTATE OF YARON UNGAR, et al.

Plaintiff,

**CERTIFICATE OF MAILING**

S.D. OF N.Y.

-V-

ORASCOM TELECOM HOLDING S.A.E., et al.

Defendants.

05 Cv. 7765(NRB)

I, J. Michael McMahon, Clerk of Court for the Souther District of New York, do hereby certify that on the

**October 7, 2005**

I served the

Summons
Complaint
Notice of Suit
Affidavit of the Translator

filed and issued herein on the

**Sept. 2, 2005**

by mailing by Federal Express, return receipt requested, in the Federal Express Mail Box located at 500 Pearl Street, New York, NY, a copy of each thereof, securely enclosed in a Federal Express Envelope with a prepaid international air bill addressed to:

See attached for listing of Defendants

Federal Express International Air Waybill Tracking Number(s)

TRACKING #
# 8451 6238 5495  #_____  #_____

J. MICHAEL McMAHON,    **Clerk**

CLERK

Dated: New York, NY

RETAIN THIS COPY FOR YOUR RECORDS

**FedEx** Express

**International Air Waybill**
For FedEx services worldwide.

/0008/0100/0026782595/4

**1 From** Please print and press hard.

Date 10/7/05

Sender's FedEx
Account Number 1250-5462-7

Sender's
Name ROBERT J. TOLCHIN

Company DAVID JAROSLAWICZ ATTORNEY

Address

Address 150 WILLIAM ST FL 13

City NEW YORK    State/Province NY

Country USA    ZIP/Postal Code 10038203

**2 To**

Recipient's
Name    Phone

Company PALESTINE INVESTMENT FUND
Q-I-FILISTINE CHAREKAT SUNDOUK Q-I-ESTITHMAR

Address HANADI TOWER
AL RASHID ST.

Address EL RIMAL AL JAWABI

City GAZA CITY GAZASTRIP    State/Province

Country VIA ISRAEL    ZIP/Postal Code

Recipient's Tax I.D. number for Customs purposes
(e.g., GST/RFC/VAT/EIN/or other such number)

**3 Shipment Information**

Total Packages    Total Weight    lbs    kg    UM    Commodity Description

Commodity Description
REQUIRED

DOCUMENTS

**4 Express Package Service**    Packages up to 150 lbs./68 kg.

☐ FedEx Intl. Priority

☐ FedEx First

☐ FedEx Economy

**5 Packaging**

☐ FedEx Envelope    ☐ FedEx Pak    ☐ FedEx Box    ☐ FedEx 25kg Box    ☐ Other

**6 Special Handling**

☐ HOLD at FedEx Location    ☐ SATURDAY Delivery

**7a Payment**

☐ Sender    ☐ Recipient    ☐ Third Party    ☐ Credit Card    ☐ Cash/Check

**7b Payment**

☐ Sender    ☐ Recipient    ☐ Third Party

**8 Your Internal Billing Reference**

**9 Required Signature**

FedEx
Tracking
Number    8451 6238 5495

Form
ID No.

For Completion Instructions, see back of fifth page.

**Try online shipping at fedex.com.**

**Questions? Visit our Web site at fedex.com.**
Or in the U.S., call 1.800.247.4747. Outside the U.S., call your local FedEx office.

464

0402

# EXHIBIT D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE ESTATE OF YARON UNGAR., et. al.

Plaintiff,

-V-

ORASCOM TELECOM HOLDING S.A.E., ET AL.

Defendants.

FILED
U.S. DISTRICT COURT

**CERTIFICATE OF MAILING**

S.D. OF N.Y.

05 Cv. 7765(NRB)

I, J. Michael McMahon, Clerk of Court for the Souther District of New York, do hereby certify that on the

### October 11, 2005

I served the

### SUMMONS
### COMPLAINT

filed and issued herein on the
Sept. 2, 2005

by mailing by DHL Worldwide Express, pick up scheduled for 500 Pearl Street, New York, N.Y., a copy of each thereof, securely enclosed in a DHL Express Envelope with a prepaid international air bill addressed to:

See attached for listing of Defendants

827 5219 466 .  #_____  _____  #_____

Dated: New York, NY

J. Michael McMahon CLERK

827 5219 466

# EXHIBIT E

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FILED
U.S. DISTRICT COURT

2005 OCT 12  A 10: 11

CERTIFICATE OF MAILING
S.D. OF N.Y.

THE ESTATE OF YARON UNGAR, et al.

          Plaintiff,

-V-

ORASCOM TELECOM HOLDING S.A.E., et al.

          Defendants..

05 Cv. 7765 (NRB)

I, J. Michael McMahon, Clerk of Court for the Souther District of New York, do hereby certify that on the

**October 12, 2005**

I served the

**SUMMONS & COMPLAINT**

filed and issued herein on the:
**Sept. 2, 2005**

by mailing by registered mail, return receipt requested, at the United States Post Office, Chinatown Station, New York, NY, a copy of each thereof, securely enclosed in a post-paid wrapper addressed to:

See attached for listing of Defendants

That annexed to the original hereof is registered mail receipt(s)

#RB632 837 689  #_____  #_____

#_____  #_____  #_____

(Chinatown Station) that was issued at my request as aforementioned,

J. Michael McMahon CLERK

Dated: New York, NY

JAROSLAWICZ AND JAROS

Ms. Ann Ford
Clerk of the Court
United States District Court
Southern District of New York
October 7, 2005
Page - 2 -

2.    A Federal Express envelope and mailing label properly addressed with our account number.

*n Telecom Holding S.A.E.*

*y addressed with our account number.*



Registered No.

| Reg. Fee $ | | Special $ Delivery |
|---|---|---|
| Handling Charge $ 7.50 | | Return Receipt $ |
| Postage $ | | Restricted $ Delivery 1.75 |
| Received by | | |

Date Stamp

UNIT ID: 0004
Clerk: TAHTKO
10/12/05

Domestic Insurance is Limited To $25,000; International Indemnity is Limited (See Reverse)

Customer Must Declare Full Value $

☐ With Postal Insurance
☐ Without Postal Insurance

FROM
ROBERT J. TOLCHIN
JAROSLAWICZ & JAROSLAWICZ
150 WILLIAM ST - 19TH FLOOR
N.Y.    NY 10038

TO
PALESTINE INVESTMENT FUND
(SHAREKAT SUNDUK AL-ISTITHMAR AL-FILISTINIE)
HANADI TOWER
AL RASHID ST, EL RIMAL AL-JANUBI
GAZA CITY, GAZA STRIP VIA ISRAEL

PS Form 3806,    Receipt for Registered Mail    (Customer Copy)
June 2000    (See Information on Reverse)

# EXHIBIT G

Contact Us | Sitemap



| Ship | Track | Services | About DHL | Help |

DHL USA Home    DHL Global



# Track results detail

## Tracking results detail for 8275219466

▶ Help

**Track**

▶ Track by number
▶ Track by reference
▶ Get delivery signature
▶ Track DHL Same Day service

### Tracking summary

| | |
|---|---|
| Current Status | ✓ **Shipment delivered.** |
| Delivered on | 10/22/2005 9:30 am |
| Delivered to | |
| Signed for by | **NAGHAM**   What is this? |

## Log in to DHL

| | |
|---|---|
| User ID | |
| Password | |

☐ Remember my User ID

**Log in** ▶

▶ Forgot your Password?

## Tracking history

▶ Help

| Date and Time | Status | Location |
|---|---|---|
| 10/22/2005 9:30 am | Shipment delivered. | Tel Aviv, Israel |
| 10/19/2005 8:29 am | With delivery courier. | Tel Aviv, Israel |
| 10/17/2005 12:28 am | In transit. | Tel Aviv, Israel |
| 10/14/2005 9:46 am | At Gateway. | Tel Aviv, Israel |
| 4:06 am | Clearance processing complete. | Tel Aviv, Israel |
| 1:36 am | Arrived at DHL facility. | Tel Aviv, Israel |
| 10/13/2005 7:47 pm | In transit. | Bergamo, Italy |
| 2:42 am | In transit. | Brussels, Belgium |
| 12:23 am | Arrived at DHL facility. | Brussels, Belgium |
| 10/12/2005 11:39 am | In transit. | New York, NY |
| 7:55 am | Arrived at DHL facility. | New York, NY |
| 6:48 am | Transit through sort facility. | Wilmington, OH |
| 10/11/2005 5:30 pm | Departing origin. | New York, NY |
| 1:41 pm | Picked Up by DHL. | Shipper's Door |

| Ship From: | Ship To: | Shipment Information: |
|---|---|---|
| ROBERT J TOLCHIN | | Ship date: 10/11/2005 |
| New York, NY 10038 | | Pieces: |
| United States | | Total weight: |
| | | Ship Type: Document |
| Attention: | Attention: | Shipment Reference: NONE |
| ROBERT J TOLCHIN | | Service: International Express |
| | | Special Service: |
| | | Description: DOCS |

Tracking detail provided by DHL: 11/16/2005, 5:13:47 pm pt.

**Track new shipment** ▶

You are authorized to use DHL tracking systems solely to track shipments tendered by or for you to DHL. Any other use of DHL tracking systems and information is strictly prohibited.

**New to DHL?**

Registration is quick and easy.And as a registered user,you'll have access to services and tools to help you ship your packages easily and efficiently.
▶ Register Now

**Questions?**

We're here to help!
▶ Contact DHL

# EXHIBIT H

**IMPORTANT!**
For information on Hurricane Katrina, please click here.

Track Shipments
 Quick Help

## Detailed Results

| | | | |
|---|---|---|---|
| **Tracking number** | 845162385495 | **Destination** | GAZA CITY. |
| **Signed for by** | X..AHED | | GAZASTRIN IL |
| **Ship date** | Oct 7, 2005 | **Service type** | Priority Envelope |
| | | **Weight** | 0.5 lbs. |
| **Status** | Delivered | | |

| Date/Time | | Activity | Location | Details |
|---|---|---|---|---|
| **Oct 27, 2005** | 3:03 PM | **Delivered** | GAZA CITY. GAZASTRIN IL | |
| | 10:51 AM | In transit | PETAH TIQWA IL | |
| **Oct 26, 2005** | 9:20 AM | In transit | PETAH TIQWA IL | |
| **Oct 23, 2005** | 10:49 AM | In transit | PETAH TIQWA IL | |
| **Oct 20, 2005** | 9:34 AM | In transit | PETAH TIQWA IL | |
| **Oct 19, 2005** | 10:31 AM | In transit | PETAH TIQWA IL | |
| | 10:04 AM | On FedEx vehicle for delivery | PETAH TIQWA IL | |
| **Oct 16, 2005** | 6:01 PM | Int'l shipment release | PETAH TIQWA IL | |
| **Oct 15, 2005** | 12:00 PM | Shipment exception | PETAH TIQWA IL | Regulatory agency clearance delay |
| **Oct 14, 2005** | 12:00 PM | Shipment exception | PETAH TIQWA IL | Regulatory agency clearance delay |
| **Oct 13, 2005** | 12:00 PM | Shipment exception | PETAH TIQWA IL | Regulatory agency clearance delay |
| **Oct 12, 2005** | 12:00 PM | Shipment exception | PETAH TIQWA IL | Regulatory agency clearance delay |
| **Oct 11, 2005** | 12:00 PM | Shipment exception | PETAH TIQWA IL | Regulatory agency clearance delay |
| **Oct 10, 2005** | 12:00 PM | Shipment exception | PETAH TIQWA IL | Regulatory agency clearance delay |
| **Oct 9, 2005** | 6:54 AM | In transit | PETAH TIQWA IL | Package available for clearance |
| | 6:54 AM | Shipment exception | PETAH TIQWA IL | Regulatory agency clearance delay |
| | 12:44 AM | Departed FedEx location | PARIS FR | |
| **Oct 8, 2005** | 5:46 AM | Departed FedEx location | MEMPHIS, TN | |
| | 12:59 AM | Arrived at FedEx location | MEMPHIS, TN | |
| | 1:16 AM | Departed FedEx location | NEWARK, NJ | |
| | 12:15 AM | In transit | NEWARK, NJ | |
| **Oct 7, 2005** | 10:27 AM | Arrived at FedEx location | NEWARK, NJ | |
| | 10:06 PM | Left origin | NEW YORK, NY | |
| | 9:36 PM | Picked up | NEW YORK, NY | |

| Signature proof | Email results | Track more shipments |
|---|---|---|

Subscribe to tracking updates (optional)

**Your Name:** [_____]    **Your Email Address:** [_____]

| Email address | Language | Exception updates | Delivery updates |
|---|---|---|---|
| [_____] | English ▼ | ☐ | ☐ |
| [_____] | English ▼ | ☐ | ☐ |

Case 1:05-cv-07765-CM    Document 12    Filed 11/16/2005    Page 38 of 38

English

English

**Select format:** ⦿ HTML ○ Text ○ Wireless

**Add personal message:**

Not available for Wireless or non-English characters.

☐ By selecting this check box and the Submit button, I agree to these Terms and Conditions

Submit