

LAW OFFICE OF

# JAROSLAWICZ & JAROS

150 WILLIAM STREET, 19TH FLOOR
NEW YORK, NEW YORK 10038

(212) 227-2780

DAVID JAROSLAWICZ
(NY, PA & CA BARS)
ABRAHAM JAROS

**ROBERT J. TOLCHIN**
OF COUNSEL
RJT@tolchinlaw.com

**MEMO ENDORSED**

March 3, 2006

**BY FAX**
Fax: (914) 390-4146
Hon. Colleen McMahon
United States District Judge
United States District Court for the Southern District of New York
300 Quarropas Street, Room 533
White Plains, New York 10601-4150

*3/3/06 I will deny Orascom's motion Sua Sponte unless there is prompt compliance with Judge Smith's order. Your response to the motion is adjourned until 10 days after the completion of the EBTs*

Re: *Estate of Ungar v. Orascom Telecom Holding S.A.E., et al.,*
Case No. 05-CV-7765 (CM) (LMS)

Dear Judge McMahon,

We represent the plaintiffs/judgment-creditors ("Ungars") in the above-captioned matter, which is a creditor's bill and turnover proceeding under CPLR §§ 5225-5227 brought against Orascom Telecom Holding ("OTH"), an Egyptian corporation indebted to judgment-debtor Palestinian Authority ("PA").

On February 13, 2006, OTH filed a motion to dismiss the Ungars' first amended complaint, primarily on grounds of lack of personal jurisdiction.

We write now to request that the Ungars' time to respond to OTH's motion to dismiss be adjourned until thirty days after the depositions of OTH Chairman Naguib Sawiris and OTH officers Hatim El-Gammal and Zouhair Khaliq have been completed. Such an adjournment is just and necessary for the reasons below.

On November 7, 2005, Your Honor denied a motion to quash the subpoenas served by the Ungars on Messrs. El-Gammal and Khaliq. *Estate of Ungar v. Palestinian Authority*, 400 F.Supp.2d 541 (S.D.N.Y. 2005).

Despite repeated requests from the Ungars' counsel, Messrs. El-Gammal and Khaliq did not appear for their depositions, and the Ungars therefore moved to compel and for sanctions. On February 23, 2006, Magistrate Judge Lisa M. Smith entered a decision and order "reemphasiz[ing] that the nonparty-deponents are under an

*Colleen McMahon*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

Copies ~~mailed / handed~~ / faxed to counsel __3/3/06__

# JAROSLAWICZ & JAROS

March 3, 2006
Page 2 of 3

obligation to comply with the subpoenas" but declining (at this stage and assuming there is no further "undue delay" in compliance) to impose sanctions. *See* Decision and Order, Feb. 23, 2006 (copy attached, Exhibit A).

Accordingly, upon receipt of Magistrate Smith's order, I wrote counsel for El-Gammal and Khaliq, seeking proposed deposition dates in the next few weeks. *See* email of February 28, 2006 to Christopher M. Curran, Esq. and William Sullivan, Esq. (copy attached, Exhibit B).

Thus, the depositions of Messrs. El-Gammal and Khaliq will take place in the near future, as soon as the dates are set.

Separately but similarly, on January 5, 2006, Magistrate Judge Smith ordered that a subpoena be issued, pursuant to 28 U.S.C. § 1783, to Naguib Sawiris, Chairman and owner of OTH. *Estate of Ungar v. Palestinian Authority et al.*, ___ F. Supp. 2d ___, 2006 WL 225839 (S.D.N.Y. 2006). This decision was further clarified by an order issued by Magistrate Smith on January 23, 2006.

Both Orascom and Mr. Sawiris filed objections to the Magistrate Judge's orders on the § 1783 subpoena. *See* Objections of Nonparties Orascom Telecom Holding S.A.E and Naguib Sawiris to Magistrate Judge's Decision and Order Dated January 5, 2006 (copy attached, Exhibit C). Those objections were overruled by Your Honor on February 10, 2006.

Accordingly, on February 27, 2006, Magistrate Judge Smith signed and issued the subpoena directed to Mr. Sawiris, appointed a commissioner to take his testimony pursuant to Fed. R. Civ. P. 28(b)(4), endorsed the parties' agreement regarding the time, venue, and expenses of deposition, and instructed the Ungars to complete the relevant Hague Convention forms and return them to the Court for transmission to the Egyptian Ministry of Justice. *See* endorsed letter and subpoena, February 27, 2006 (copy attached, Exhibit D).

The Ungars expect that the Hague forms will be prepared and delivered to the Court for transmission to Egypt next week; they are being translated into Arabic at the time of this writing. Following that, and pursuant to the stipulation endorsed by Magistrate Judge Smith, Mr. Sawiris' deposition will take place within 30 days of service of the subpoena. Thus, Mr. Sawiris' deposition, too, will take place soon.

The depositions of Messrs. Sawiris, El-Gammal and Khaliq are intended to discover information regarding OTH's jurisdictional contacts. Indeed, in entering her January 5 order, Magistrate Judge Smith held that:

> Given the apparent intent of the Defendants to evade the Rhode
> Island District Court's entry of default judgment, and the

# JAROSLAWICZ & JAROS

March 3, 2006

Page 3 of 3

likelihood that Plaintiffs will never be able to satisfy the default judgment absent information of an elusive and amorphous judgment debtor, there exists a "compelling reason" to issue the subpoena for the testimony of the Respondent for the purposes of establishing the required minimum contacts for valid personal jurisdiction over Orascom. Such information, should it exist, possibly could enable the Plaintiffs to seize the debt Orascom owes to the Defendants and to satisfy the judgment they are owed as a matter of law. The question of whether Orascom is in fact subject to the personal jurisdiction of this Court must be resubmitted to Judge McMahon for her reconsideration, should the Plaintiffs choose to do so, after the deposition of the Respondent is held pursuant to this order.

*Estate of Ungar,* 2006 WL 225839 at * 6. (Emphasis added).[1]

In light of the above, the Ungars respectfully submit that until the depositions of Messrs. Sawiris, El-Gammal and Khaliq are completed it would be illogical and unjust to require them to respond to OTH's motion to dismiss, which is founded almost entirely on the claim of lack of personal jurisdiction.

We therefore respectfully request that Your Honor adjourn our time to respond to the motion to dismiss until 30 days after completion of those depositions.

This is the first request for an adjournment of this motion.

Respectfully yours,

Robert J. Tolchin

cc:  Christopher Curran, Esq.

---

[1] Notably, though OTH filed objections to other aspects of Magistrate Judge Smith's order, it did not object to this portion of the order, and so waived any conceivable demand that the Court proceed immediately on its jurisdictional motion without the benefit of the crucial testimony of Messrs. Sawiris, El-Gammal and Khaliq regarding OTH's contacts and activities in the jurisdiction. Counsel for OTH has, nevertheless, refused to consent to this application.

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE ESTATE of YARON UNGAR, et al.,

                    **Plaintiffs/Judgment-Creditors,**

      *- against -*

THE PALESTINIAN AUTHORITY, et al.,

                    **Defendants/Judgment-Debtors,**

      *- against -*

HATIM el-GAMMAL and ZOUHAIR KHALIQ

                **Nonparty-Deponents**

**18 MS 0302(CM)(LMS)**

**DECISION and ORDER**

Plaintiffs/Judgment Creditors Estate of Ungar (herein, "Plaintiffs") have filed motions to compel, to adjudge in contempt, and to impose sanctions against nonparty-deponents Mr. Hatim el-Gammal and Mr. Zouhair Khaliq (collectively herein, "nonparty-deponents") for their alleged non-compliance with subpoenas personally served upon them in the Southern District of New York. See Plaintiffs' Notice of Motion. These motions stem from the entry of a default judgement in the District of Rhode Island on July 13, 2004, and the subsequent registration of that judgment in the Southern District of New York on May 9, 2005.

1

## BACKGROUND

A.    November 7, 2005, Decision of the Honorable Colleen McMahon, U.S.D.J.

In light of the voluminous history of this litigation, familiarity with the underlying facts of this case is presumed.

This dispute arises from a decision rendered by the Honorable Colleen McMahon, United States District Judge, on November 7, 2005, finding that there was valid personal "tag" jurisdiction over the nonparty-deponents, who are both non-U.S. citizens, in the Southern District of New York. See Estate of Yaron Ungar v. Palestinian Authority, 400 F. Supp. 2d 541, 553-54 (S.D.N.Y. 2005). In her ruling, Judge McMahon determined that the nonparty-deponents' physical presence within the Southern District, in conjunction with the personal service of process of subpoenas on them while in the Southern District, amounted to a valid method for this Court to acquire personal jurisdiction over both nonparty-deponents. Ungar, 400 F. Supp. 2d at 553. Judge McMahon noted, however, that this method of "tag" jurisdiction, which is authorized by Federal Rule of Civil Procedure 4(e)(2), did not provide personal jurisdiction over Orascom Telecom Holdings S.A.E., the company for which the nonparty-deponents were believed to be officers.[1] Id.

Judge McMahon concluded that the nonparty-deponents' motion to quash for a lack of personal jurisdiction should be denied, and reserved on the question of whether the subpoenas issued to the nonparty-deponents would have to be modified to comply with the requirements of

---

[1] In their Memorandum in Opposition, the nonparty-deponents state that "Mr. Khaliq is not an Orascom representative at all, but rather is the CEO of Mobilink, a subsidiary of Orascom." See Nonparty-Deponents' Memorandum in Opposition (herein, "Memorandum in Opposition") at 2.

2

Federal Rule of Civil Procedure 45(c). Id. at 553-54 ("Mr. Khaliq and Mr. el-Gammal were voluntarily present within the district to attend a conference, and were served while within the Southern District. There are no obvious grounds for quashing, rather than modifying, the subpoenas under Rule 45(c) before this Court."). Thereafter, Judge McMahon referred the resolution of any remaining discovery disputes to the undersigned. Id. at 553.

B.    Plaintiffs' and Nonparty-Deponents' Memoranda in Support and Opposition

On December 27, 2005, the undersigned received Plaintiffs' notice of motion seeking an order of the Court (1) directing the nonparty-deponents to comply with the subpoenas personally served on them, (2) finding the nonparty-deponents in contempt pursuant to Federal Rule of Civil Procedure 45(e) for noncompliance with the subpoenas, (3) establishing a per diem monetary sanction for future non-compliance, and (4) imposing Plaintiffs' attorney's fees and costs on the nonparty-deponents as a result of their purported noncompliance. See Plaintiffs' Notice of Motion at 10.

In response to these allegations, the nonparty-deponents explain that in light of Judge McMahon's November 7, 2005, decision, they elected to retain their own personal legal counsel, different from the attorneys representing Orascom. See Memorandum in Opposition at 2-3. Moreover, the nonparty-deponents allege that Plaintiffs made a premature motion for sanctions, especially because Plaintiffs' counsel was aware that they, the nonparty-deponents, were in the process of retaining their own legal counsel. See Memorandum in Opposition at 3. The nonparty-deponents also argue that the issuance of sanctions for the alleged noncompliance with the subpoenas may be precluded by Federal Rule of Civil Procedure 45(e), which provides in part that a nonparty has an "adequate cause for failure to obey" a subpoena if it purports to require

3

him or her to travel to a place more than one hundred miles from his or her place of residence or employment, or from where he or she regularly transacts business in person.[2] See Memorandum in Opposition at 4-5.

In their Reply, Plaintiffs contend, *inter alia*, that the nonparty-deponents waived any claim of "adequate excuse" for noncompliance with the subpoenas under Rule 45(e) by not asserting the defense earlier, and that as a result, the defense now is untimely. See Plaintiffs' Reply Memorandum at 4-5. In support of this argument, Plaintiffs cite to the general principle that an objection to a discovery request must be timely or else it is waived. See Plaintiffs' Reply Memorandum at 4 (citing cases).

Upon motion by the nonparty-deponents seeking leave to file a sur-reply, which the undersigned granted on February 17, 2006, the nonparty-deponents argue that the "adequate excuse" provision of Rule 45(e) is a non-waivable provision, and also highlight that they initially moved to quash the subpoenas before Judge McMahon and that although Judge McMahon found valid personal jurisdiction over the nonparty-deponents, Judge McMahon left the question of modifying the subpoenas open. See Sur-reply Memorandum in Opposition at 3 (citing Ungar, 400 F. Supp. 2d at 553-54).

For the following reasons, the Plaintiffs' motions for sanctions, fees and a per diem monetary penalty are denied. Plaintiffs' request that the Court "direct" the nonparty-deponents to comply with the issued subpoenas is granted insofar as such a directive merely reemphasizes that

---

[2] According to the Memorandum in Opposition filed by the nonparty-deponents, Mr. el-Gammal resides and is employed in Egypt, and Mr. Khaliq resides and is employed in Pakistan. See Memorandum in Opposition at 6. This factual assertion is not properly supported by any sworn statement of fact.

4

the nonparty-deponents are under an obligation to comply with the subpoenas. I will not assess the propriety of the nonparty-deponents' "adequate excuse" defense under Rule 45(e), or Plaintiffs' response that this defense has been waived. Should the nonparty-deponents seek a modification of the subpoena, they must do so in a motion made pursuant to FED. R. CIV. PRO. 45(c).

## DISCUSSION

### A.   Issuance of Sanctions

Plaintiffs have moved for the assessment of sanctions against the nonparty-deponents because of their alleged noncompliance with subpoenas personally served upon them within the Southern District of New York. Plaintiffs made this motion pursuant to FED. R. CIV. PRO. 45(e), which provides that:

> [f]ailure by any person without adequate excuse to obey a subpoena may be deemed in contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a non-party to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

Rule 45(e) is the only provision of the Federal Rules of Civil Procedure that empowers the Court to impose sanctions against a nonparty for his or her noncompliance with a subpoena. See Painewebber, Inc., v. Acstar Ins. Co., 211 F.R.D. 247, 249 (S.D.N.Y. 2002). Although the rule allows for the imposition of sanctions, it does not require that sanctions be imposed. Courts in this district classify sanctions as a "drastic remedy" that should be assessed sparingly. See Sterling Nat'l Bank v. A-1 Hotels Int'l, 00 Civ. 7352 (GEL), 2004 WL 1418201 *3 (S.D.N.Y. June 23, 2004). Additionally, when issuing sanctions, the Court must explain itself "with care, specificity, and attention to the sources of its power," In re Ames Department Stores, Inc., 76

F.3d 66, 70 (2d Cir. 1996), and support its decision with specificity, see MacDraw, Inc., v. CIT Group Equipment Financing, Inc., 73 F.3d 1253, 1262 (2d Cir. 1996). Though sanctions may be levied against a nonparty under Rule 45(e) for mere noncompliance, Painewebber, 211 F.R.D. at 249 (citing Daval Steel Products v. M/V Fakredine, 951 F.2d 1357, 1364 (2d Cir. 1991)), the spirit of the case law involving the assessment of sanctions leads me to conclude that all reasonable avenues of compliance should be exhausted prior to the imposition of sanctions. See, e.g., In re Ames Department Stores, Inc., 76 F.3d 66 at 70 (articulating standard for assessing sanctions); Sterling Nat'l Bank, 2004 WL 1418201 *3 (allowing a nonparty additional opportunity to comply with subpoena before issuing sanctions for noncompliance). For the reasons articulated, infra, I conclude that all reasonable avenues of compliance have not been exhausted and, therefore, the imposition of sanctions is inappropriate at this time.

B.    Alleged Non-Compliance of Nonparty-Deponents

       Without condoning the actions of the nonparty-deponents, I find no signs of intentionally dilatory tactics on the behest of the nonparty-deponents. The assertion proffered in the Memorandum in Opposition appears to be legitimate and reasonable: the nonparty-deponents' attempts to retain their own legal counsel subsequent to Judge McMahon's November 7, 2005, decision may have been a time-consuming process. See Memorandum in Opposition at 2-3. Additionally, there appears to be no overt, willful act to disobey the dictate of the subpoenas served upon them within this District. Although the case law of the Second Circuit does not make clear whether a finding of willfulness is a prerequisite to triggering the imposition of

1

sanctions,[3] in the absence of facts evincing a meaningful attempt to frustrate compliance with the subpoenas, the undersigned finds it difficult to assess sanctions against the nonparty-deponents.

The only evidence the Court has to substantiate the issuance of sanctions at this time is the conclusory arguments of Plaintiffs' counsel that the nonparty-deponents have "demonstrated utter nonchalance toward their legal duties in this matter . . . ." See Plaintiff's Memorandum in Support at 10. This allegation alone is insufficient to support an award of sanctions. Moreover, the time between Judge McMahon's November 7, 2005, decision and the date Plaintiffs' counsel threatened to seek sanctions against the nonparty-deponents because of their alleged noncompliance – a little more than a month – is not so long as to support Plaintiffs' motion for sanctions based upon alleged noncompliance.[4]

This decision, however, should not be read as endorsing the suspension of the nonparty-deponents' responsibility to comply with the subpoenas: the nonparty-deponents, now represented by their own legal counsel, are exhorted to comply with the subpoenas in a prompt and timely manner. I note also that the nonparty-deponents' personal legal counsel has averred that he is prepared to "confer with [Plaintiffs'] counsel for the Estate as to the subpoenas." See

_____

[3] In North American Oil Co. v. Star Brite Distributing, Inc., 14 Fed. Appx. 73, 75 (2d Cir. 2001), the Second Circuit declined to address whether a finding of willfulness is a condition precedent to the issuance of sanctions under Rule 45(e).

[4] Judge McMahon issued her decision on November 7, 2005. In a letter dated December 16, 2005, Plaintiffs' counsel issued a unilateral directive that the nonparty-deponents had to respond to his November 8, 2005, letter proposing deposition dates within three days, or else he would seek the imposition of sanctions. See Declaration in Opposition to Motion, Ex. A, Letter from Plaintiffs' Counsel to Nonparty-Deponents' Counsel. Despite a response from the nonparty-deponents on the same day informing Plaintiffs' counsel of their quest to retain personal legal counsel, see Declaration in Opposition, Ex. B, this motion followed shortly thereafter.

Memorandum in Opposition at 4.

C.    Imposition of Costs and Attorney's Fees

Plaintiffs also move for the assessment of Plaintiffs' attorney's costs and fees against the nonparty-deponents because of their alleged noncompliance. FED. R. CIV. PRO. 45(e), however, does not permit such assessments, FED. R. CIV. PRO. 37(a)(4) allows for an assessment of fees and costs to be assessed against the "party or deponent whose conduct necessitated the motion [compelling disclosure or discovery]." The assessment of attorney's fees and costs, however, is not within the purview of Rule 45. See S.E.C. v. Kimmes, M18-304, 1996 WL 734892 *8 (S.D.N.Y. Dec. 24, 1996) (noting that Rule 45 neither provides for the assessment of attorney's fees nor contains language authorizing such an assessment under Rule 37(a)). Accordingly, Plaintiffs' motion to assess attorney's fees and costs is denied.

## CONCLUSION

For the following reasons, the Plaintiffs' motions for sanctions, contempt and the imposition of attorney's fees and costs are denied. Insofar as Plaintiffs seek a directive ordering the nonparty-deponents to "comply forthwith with the subpoenas served on them by plaintiffs," the Court admonishes both the nonparty-deponents, now represented by their own legal counsel, and Plaintiffs to proceed forward in a swift and diligent manner. Although the imposition of sanctions at this time is unwarranted, this finding is not immutable, and under different circumstances – such as after a period of undue delay – the imposition of sanctions on a renewed motion may be more apropos. As explained, _supra_, the Court elects not to entertain the suggestion made by Plaintiffs to modify the subpoena under Rule 45(e).[5] If a motion to modify the subpoena is to be made, it must be done separately; the burden is not on the Court to divine such a motion from the verbiage contained within the parties' legal memoranda.

Dated:     February 2006
           White Plains, New York

                                      SO ORDERED

                                      _____
                                      Lisa Margaret Smith
                                      Chief Magistrate Judge
                                      Southern District of New York

_____

[5] In their Memorandum in Opposition, the nonparty-deponents reserve the right to raise the issue of modifying the subpoenas at a later point in time. _See_ Memorandum in Opposition at 7 n.2. Although the Plaintiffs suggest that the Court "should modify the subpoenas to require the depositions at a time and place to be agreed upon by the parties" if it finds that the nonparty-deponents have not waived their "adequate cause" defense under Rule 45(e), _see_ Plaintiffs' Reply Memorandum at 6, without expressing an opinion on the subject, it is not clear to me whether the Plaintiffs can move for such a modification under FED. R. CIV. PRO. 45(c)(3)(A)(ii).

9

# EXHIBIT B

Case 1:05-cv-07765-CM     Document 19     Filed 03/06/2006     Page 15 of 29

----- Original Message -----
From: Robert Tolchin
To: 'Sullivan, William' , 'Curran, Christopher M '
Sent: Tuesday, February 28, 2006 12 37 AM
Subject: Depositions

Chris and Bill,

Now that Magistrate Judge Smith has made it clear that your
clients should comply with the subpoenas without further
delay, please propose some deposition dates in the next few
weeks so that we can complete these depositions, which,
after all, were noticed last September. If you wish to call me
to work out the details, just let me know when.

--Bob Tolchin

# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

The Estate of Yaron Ungar, et al.,

                    Plaintiffs,

          - against -

The Palestinian Authority, et al.,

                    Defendants.

18 MS 0302 ((CM) (LMS)

**OBJECTIONS OF NONPARTIES
ORASCOM TELECOM HOLDING S.A.E
AND NAGUIB SAWIRIS TO
MAGISTRATE JUDGE'S DECISION AND
ORDER DATED JANUARY 5, 2006**

    Nonparties Orascom Telecom Holding S.A.E. and its Chairman, Naguib Sawiris, hereby object to the Magistrate Judge Lisa Margaret Smith's Decision and Order dated January 5, 2006 on the grounds that it is clearly erroneous and contrary to law.   As explained below, that Decision and Order, in authorizing the deposition of Chairman Sawiris, conflicts with this Court's own Decision and Order dated November 7, 2005, which found that Orascom was not subject to personal jurisdiction or personal jurisdictional discovery.

**ARGUMENT**

    In the November 7, 2005 Decision and Order, this Court ruled that Orascom is not subject to personal jurisdiction or personal jurisdictional discovery. *See Estate of Ungar v. Palestinian Authority*, 400 F. Supp. 2d 541, 549 (S.D.N.Y. 2005) ("If [the judgment-creditors] cannot make out a prima facie case for personal jurisdiction, they cannot take any discovery — even jurisdictional discovery – from a foreign corporation.") (citing *Jazini v. Nissan Motor Co.*, 148 F.3d 181, 186 (2d Cir. 1998)). Thereafter, the Magistrate Judge's January 5, 2006 Decision and Order concluded that Orascom Chairman Sawiris "cannot be compelled to produce corporate

From:                                                01/24/2006 10:47 #713 P.002/005

documents or other materials only in his possession by virtue of his official capacity as Chairman
of Orascom," but that he could be compelled to testify "in his personal capacity" as a U.S. citizen
under 28 U.S.C. § 1783(a). Decision and Order at 8. In a subsequent clarification of that
Decision and Order, the Magistrate Judge clarified that Mr. Sawiris would be required to answer
questions about Orascom activities, including activities he learned of purely in his official
capacity as Chairman of Orascom.

The Magistrate Judge's ruling eviscerates this Court's holding that Orascom is not
subject to personal jurisdictional discovery. The deposition of Orascom's Chairman about
Orascom's activities is one of the most intrusive means of jurisdictional discovery imaginable. If
allowed, the deposition renders hollow Orascom's freedom from discovery.

The fact that Orascom's Chairman is a U.S. citizen subject to 28 U.S.C. § 1783(a) is no
reason to undermine Orascom's freedom from jurisdictional discovery. Foreign corporations
frequently have officers or agents who are individually subject to U.S. personal jurisdiction,
either by citizenship, extensive contacts or "tag" jurisdiction. This frequent happenstance is no
reason for the foreign corporation to forfeit its freedom from personal jurisdiction.

Here, the Magistrate Judge expressly clarified that Chairman Sawiris would have to
testify about Orascom activities he knows only through his Chairmanship (although the
deposition is not a Rule 30(b)(6) deposition). Thus, the deposition of Chairman Sawiris will not
be limited to matters he knows from sources other than his official capacity. *See In re Sealed
Case*, 825 F.2d 494, 495 (D.C. Cir. 1987) ("The [bank] manager has come to Washington several
times to meet with the prosecutors and testify before the grand jury about his knowledge of the
targets and their activities that he learned in his personal capacity (not through bank
operations).") This outcome simply cannot be squared with this Court's prior holding that

2

Orascom is not subject to personal jurisdiction. A foreign corporation's freedom from jurisdictional discovery is an empty promise if its officers can be compelled to provide corporate information in depositions.

In ordering the deposition, the Magistrate Judge appeared to express sympathy for the Estate's difficulties in enforcing the default judgment against the Palestinian Authority (Decision and Order at 11), but such concerns cannot override the Estate's failure to make a prima facie showing of personal jurisdiction over Orascom. In *Jazini*, the Second Circuit expressly admonished that the operation of the jurisdictional rules do not yield for the benefit of a sympathetic plaintiff:

> We recognize that without discovery it may be extremely difficult for plaintiffs in the Jazinis' situation to make a prima facie showing of jurisdiction over a foreign corporation that they seek to sue in the federal courts in New York. ... The rules governing establishment of jurisdiction over such a foreign corporation are clear and settled, and it would be inappropriate for us to deviate from them or to create an exception to them because of the problems plaintiffs may have in meeting their somewhat strict standards.

148 F.3d at 186.

This Court, applying *Jazini*, abided by the "clear and settled" jurisdictional rules in holding that Orascom is not subject to personal jurisdiction or personal jurisdictional discovery. The Magistrate Judge's Decision and Order undermines that holding and should be set aside.

From:                                      01/24/2006 10:48 #713 P.004/005

January 23, 2006                    Respectfully Submitted,

**WHITE & CASE**LLP

By: _____

Christopher M. Curran (CC-4779)
Nicole E. Erb (NE-7104)
701 Thirteenth Street, N.W.
Washington, DC 20005
Tel: (202) 626-3600
Fax: (202) 639-9355

*Attorneys for Nonparties Naguib Sawiris*
*and Orascom Telecom Holding S.A.E.*

From:                                          01/24/2006 10:48 #713 P.005/005

## CERTIFICATE OF SERVICE

I certify that on January 23, 2006, I caused paper copies of the Objections of Nonparties

Orascom Telecom Holding S.A.E. and Naguib Sawiris to Magistrate Judge's Decision and Order

Dated January 5, 2006 to be served upon the following by overnight courier:

Robert J. Tolchin, Esq.
Jaroslawicz & Juros
150 William St , 19th Floor
New York, NY 10038
Tel: 212-227-2780

David J. Strachman, Esq.
McIntyre, Tate, Lynch & Holt, LLP
321 South Main St., Suite 400
Providence, RI 02903
Tel: 401-351-7700

JoAnn Disanti

# EXHIBIT D

AO 88 (Rev. 1/94) Subpoena in a Civil Case - SDNY WEB 4/99

# ORIGINAL

### Issued by the
## UNITED STATES DISTRICT COURT

| SOUTHERN | DISTRICT OF | NEW YORK |
|---|---|---|

THE ESTATE OF YARON UNGAR, et al.

### V.

THE PALESTINIAN AUTHORITY, et al.
AND

NAGUIB SAWIRIS, Non-Party Respondent

## SUBPOENA IN A CIVIL CASE

CASE NUMBER: [1]  18MS0302

TO:  Naguib Sawiris,
     Nile City Towers - South Tower,
     Cornish El Nile Ramlet Beaulac, Cairo, Egypt

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| At a date, time, and place in Cairo, Egypt to be mutually agreed upon by the parties, no later than 30 days after service of this subpoena | |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects)

The documents sought in paragraph (b) of the Order to Show Cause issued in this matter on August 24, 2005, except for corporate documents only in Mr. Sawiris' possession by virtue of his position as Chairman of Orascom

| PLACE | DATE AND TIME |
|---|---|
| At a date, time, and place to be mutually agreed upon by the parties, no later than 30 days after service of this subpoena | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify   Federal Rules of Civil Procedure, 30(b)(6)

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | | DATE |
|---|---|---|
| SO ORDERED! ... Judge | | FEB 27 2006 |
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER | | |
| United States District Court    Hon. Lisa Margaret Smith | | |
| Southern District of New York    U.S.M.J. | | |

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on reverse)

[1] If action is pending in district other than district of issuance, state district under case number

LAW OFFICE OF

# JAROSLAWICZ & JAROS

150 WILLIAM STREET, 19TH FLOOR
NEW YORK, NEW YORK 10038

(212) 227-2780

DAVID JAROSLAWICZ
(NY PA & CA BARS)
ABRAHAM JAROS

ROBERT J. TOLCHIN
OF COUNSEL
RJT@tolchinlaw.com

February 15, 2006

RECEIVED

FEB 1 7 2006

HON. LISA MARGARET SMITH
U.S.M.J.

**BY FEDERAL EXPRESS**
Hon. Lisa M. Smith
United States Magistrate Judge
United States District Court for the Southern District of New York
300 Quarropas Street, Room 428
White Plains, New York 10601-4150

> Re:  *Ungar v. Palestinian Authority, et al.*
> Docket no. 18 MS 0302

Dear Magistrate Judge Smith,

We represent the plaintiffs/judgment-creditors in the above-captioned matter ("Ungars").

On August 24, 2005, the Ungars moved by Order to Show Cause ("OSC") for issuance of a subpoena pursuant to 28 U.S.C. § 1783 to Naguib Sawiris, chairman of the Egyptian firm Orascom Telecom.

Specifically, the OSC sought issuance of a § 1783 subpoena (a) requiring Mr. Sawiris to appear and testify at a deposition and (b) requiring Mr. Sawiris to produce at the deposition all documents described in the appendix to a certain subpoena that the Ungars had sought to serve on Orascom Telecom on June 14, 2005.

Additionally, the OSC requested that a commissioner be appointed pursuant to Fed. R. Civ. P. 28(b)(4) to administer the appropriate oath and take Mr. Sawiris' testimony, if the Court deemed it necessary to conduct Mr. Sawiris' deposition outside the United States. *Id.*

On January 5, 2006, Your Honor granted the Ungars' motion, ruling that:

(1)    Mr. Sawiris is required to testify in his personal, not corporate, capacity;

1

LAW OFFICE OF

# JAROSLAWICZ & JAROS

150 WILLIAM STREET, 19TH FLOOR

NEW YORK, NEW YORK 10038

(212) 227-2780

DAVID JAROSLAWICZ
NY, PA & CA BARS
ABRAHAM JAROS

ROBERT J. TOLCHIN
OF COUNSEL
RJT@tolchin.com

February 15, 2006

ECEIVED

FEB 17 2006

HON. LISA MARGARET SMITH
U.S.M.J.

**BY FEDERAL EXPRESS**

Hon. Lisa M. Smith
United States Magistrate Judge
United States District Court for the Southern District of New York
300 Quarropas Street, Room 428
White Plains, New York 10601-4150

Re:    *Ungar v. Palestinian Authority, et al.*
        Docket no. 18 MS 0302

Dear Magistrate Judge Smith,

We represent the plaintiffs/judgment-creditors in the above-captioned matter ("Ungars").

On August 24, 2005, the Ungars moved by Order to Show Cause ("OSC") for issuance of a subpoena pursuant to 28 U.S.C. § 1783 to Naguib Sawiris, chairman of the Egyptian firm Orascom Telecom.

Specifically, the OSC sought issuance of a § 1783 subpoena (a) requiring Mr. Sawiris to appear and testify at a deposition and (b) requiring Mr. Sawiris to produce at the deposition all documents described in the appendix to a certain subpoena that the Ungars had sought to serve on Orascom Telecom on June 14, 2006.

Additionally, the OSC requested that a commissioner be appointed pursuant to Fed. R. Civ. P. 28(b)(4) to administer the appropriate oath and take Mr. Sawiris' testimony, if the Court deemed it necessary to conduct Mr. Sawiris' deposition outside the United States. *Id.*

On January 5, 2006, Your Honor granted the Ungars' motion, ruling that:

(1)    Mr. Sawiris is required to testify in his personal, not corporate, capacity;

# JAROSLAWICZ & JAROS

February 15, 2006
Page 2 of 3

(2)    Mr. Sawiris is not required to produce corporate documents "only in his possession by virtue of his position as Chairman of Orascom";

(3)    The subpoena must be served on Mr. Sawiris in Egypt pursuant to the Hague Convention; and

(4)    The deposition will take place in Egypt, and a commissioner will be appointed for that purpose pursuant to Fed. R. Civ. P. 28(b)(4).

*See Ungar v. Palestinian Authority*, ____ F. Supp. 2d. ____, 2006 WL 225839 at * 7 (S.D.N.Y. Jan. 5, 2006).

On January 23, 2006, Your Honor issued an order clarifying the scope of Mr. Sawiris' duties to testify in his personal capacity. On February 9, 2006, Judge McMahon affirmed Your Honor's decisions over Mr. Sawiris' objections.

Your Honor's January 5 decision also requested that the parties "submit supplemental information to aid this Court in making the required determinations pursuant to 28 U.S.C. § 1783(b) as to the time and place of the deposition of Mr. Sawiris, and the travel and attendance expenses Mr. Sawiris expects to incur in complying with this Order." *Id.*

I write now to provide the Court with the supplemental information necessary for issuance of the subpoena, and appointment of a commissioner, as follows:

Time and place: The parties have agreed that the deposition will take place in Cairo, Egypt, at a date, time and place to be mutually agreed upon by the parties, no later than 30 days after service of the subpoena on Mr. Sawiris pursuant to the Hague Convention. Once the subpoena is served the parties will mutually determine an agreed date (within 30 days of service), time of day, and specific venue (in Cairo). The open-ended date, time, and place is necessary because of the uncertainty about precisely when the Egyptian authorities will carry out service under the Hague Convention.

Expenses: The parties have agreed that the Ungars will pay Mr. Sawiris $50 to cover his travel and attendance expenses in attending the deposition in Cairo. *See id.*

Commissioner: The Ungars have located two certified court reporters who are prepared to serve as commissioners and to travel to Cairo to take Mr. Sawiris' testimony. They are:

Isabelle Klebanow (Connecticut-certified shorthand reporter)
30 Duane Road
Hamden, CT 06514

1

JAROSLAWICZ & JAROS                    February 15, 2006
                                       Page 3 of 3


            Carmelita Lee (California-certified shorthand reporter)
            1123 West Sparrow
            Chandler, Arizona 85248

        Because of the uncertainty about the ultimate date of the deposition, the
Ungars submit that it is prudent to appoint two commissioners, both Ms. Klebanow and
Ms. Lee, in the event that one is unable for any reason to travel to Cairo at that time.

            Thus, the Ungars respectfully requested that the Court enter an Order:

        (a)     Endorsing the parties' above-described agreement regarding the
                time, place and venue of Mr. Sawiris' deposition, and the payment
                of his expenses;

        (b)     Appointing Ms. Klebanow and Ms. Lee as Commissioners
                pursuant to Fed. R. Civ. P. 28(b)(4), and authorizing them to take
                Mr. Sawiris' testimony and to administer the necessary oath; and

        (c)     Issuing a subpoena in the form attached hereto, which the Ungars
                will then serve on Mr. Sawiris pursuant to the Hague Convention.


                                    Respectfully yours,



                                    Robert J. Tolchin


cc:   Christopher Curran, Esq.

AO 88 (Rev. 1/94) Subpoena in a Civil Case - SDNY WEB 4/99

## Issued by the
# UNITED STATES DISTRICT COURT

SOUTHERN            DISTRICT OF            NEW YORK

THE ESTATE OF YARON UNGAR, et al.

**V.**

THE PALESTINIAN AUTHORITY, et al.
AND

NAGUIB SAWIRIS, Non-Party Respondent

### SUBPOENA IN A CIVIL CASE

CASE NUMBER ¹    18MS0302

TO:   Naguib Sawiris,
      Nile City Towers - South Tower,
      Cornish El Nile Ramlet Beaulac, Cairo, Egypt

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| At a date, time, and place in Cairo, Egypt to be mutually agreed upon by the parties, no later than 30 days after service of this subpoena |  |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

The documents sought in paragraph (b) of the Order to Show Cause issued in this matter on August 24, 2005, except for corporate documents only in Mr. Sawiris' possession by virtue of his position as Chairman of Orascom.

| PLACE | DATE AND TIME |
|---|---|
| At a date, time, and place to be mutually agreed upon by the parties, no later than 30 days after service of this subpoena |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| **SO ORDERED:** | FEB 2 7 2006 |
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER | |
| Hon. Lisa Margaret Smith U.S.M.J. | |

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on reverse)

¹ If action is pending in district other than district of issuance, state district under case number.

# FAX COVER SHEET

| TO | Hon. Colleen McMahon |
| --- | --- |
| COMPANY | |
| FAX NUMBER | 19143904152 |
| FROM | Robert Tolchin |
| DATE | 2006-03-03 13:27:49 GMT |
| RE | Ungar v. Orascom Telecom 05 CV 7765 |

## COVER MESSAGE