# EXHIBIT A

# LeBoeuf, Lamb, Greene & MacRae LLP

NEW YORK
WASHINGTON, D.C.
ALBANY
BOSTON
CHICAGO
HARTFORD
HOUSTON
JACKSONVILLE
LOS ANGELES
PITTSBURGH
SAN FRANCISCO

GOODWIN SQUARE
225 ASYLUM STREET, 13TH FLOOR
HARTFORD, CT 06103
(860) 293-3500
FACSIMILE: (860) 293-3555

E-MAIL ADDRESS: THOMAS.ROHBACK@LLGM.COM
WRITER'S DIRECT DIAL: (860) 293-3557

LONDON
A MULTINATIONAL
PARTNERSHIP
PARIS
BRUSSELS
JOHANNESBURG
(PTY) LTD.
MOSCOW
RIYADH
AFFILIATED OFFICE
ALMATY
BEIJING

October 16, 2006

The Honorable Peter C. Dorsey
United States District Judge
District of Connecticut
United States Court House
141 Church Street
New Haven, CT 06510

Re: <u>Strachman v. The Palestinian Authority, et al.</u>
      Case No. 05-mc-00208-PCD

Dear Judge Dorsey:

Last week this firm was asked to represent the Palestine Investment Fund ("PIF"). We are in the process of trying to ascertain relevant facts and to understand the current status of the legal issues involved in the above-captioned action. Although the PIF is not a party, it is our understanding that the action may involve requests for judicial rulings regarding PIF assets. While it is premature for us to indicate a specific legal position, we do wish to be heard.

We understand that a motion has been filed by Canaan Partners, and that this motion is sub judice. Expressly reserving all rights, including the right to contest jurisdiction, we respectfully request permission to file papers relating to that motion.

Respectfully submitted,

Thomas Rohback / gcg

Thomas G. Rohback

cc: All counsel of record (via U.S. Mail)
2644612

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

```
- - - - - - - - - - - - - - - - - - - - - - - - - - x
DAVID STRACHMAN, Administrator of the        :
Estate of Yaron Ungar, et al.,               :
                                             :
                    Plaintiffs,              :
     -against-                               :    Case No. 3:05-mc-00208-PCD
                                             :
THE PALESTINIAN AUTHORITY, et al.,           :    October 16, 2006
                                             :
                    Defendants.              :
                                             :
- - - - - - - - - - - - - - - - - - - - - - - - - - x
```

## CERTIFICATE OF SERVICE

I hereby certify that on October 16, 2006, I caused a true and correct copy of the

foregoing to be served by U.S. mail to the following:

David J. Strachman
McIntyre, Tate, Lynch & Holt-LLP
321 South Main Street
Suite 400
Providence, RI 02903

Stephen P. Wright
Harlow, Adams & Friedman, P.C.
300 Bic Drive
Milford, CT 06460

Jeffrey J. Tinley
Erin L. Golembiewski
Tinley, Nastri, Renehan & Dost
60 North Main Street, 2nd floor
Waterbury, CT 06702

Robert F. Maslan, Jr., Esq.
Maslan Brown & Associates, LLP
9 Old Kings Highway South
P.O. Box 37
Darien, CT 06820

Charles L. Kerr
Mark D. McPherson
Morrison & Foerster
1290 Avenue of the Americas
New York, NY 10104-0050

Robert A. Alessi
Tamara L. Schlinger
Cahill, Gordon & Reindel
80 Pine St.
New York, NY 10005


Gail L. Gottehrer

264616

**EXHIBIT B**

LAW OFFICE OF

# JAROSLAWICZ & JAROS

150 WILLIAM STREET, 19TH FLOOR
NEW YORK, NEW YORK 10038

(212) 227-2780

DAVID JAROSLAWICZ
(NY, FA & CA BARS)
ABRAHAM JAROS

ROBERT J. TOLCHIN
OF COUNSEL
RJT@tolchinlaw.com

October 20, 2006

**BY FAX, MAIL, AND EMAIL**

Thomas G. Rohback, Esq.     (trohback@llgm.com)
Gail L. Gottehrer, Esq.     (glgotteh@llgm.com)
LeBoeuf, Lamb, Greene & MacRae LLP
Goodwin Square
225 Asylum Street, 13th Floor
Hartford, Connecticut 06103

Fax: 860-293-3555

Re:   Change in Ownership and Management of the
      Palestine Investment Fund

Dear Tom and Gail,

As you will recall, we represent the Estate and family of Yaron Ungar (the "Ungars"), an American citizen who was murdered in a terrorist attack in 1996.

I am in receipt of a letter that you sent several days ago to the United States District Court in Connecticut, regarding the proceeding pending against the Canaan Equity entities in respect to the Ungars' efforts to enforce their judgment against the Palestinian Authority. In that letter, you state that you are in the process of being retained by the Palestine Investment Fund ("PIF").

I am writing to inform you about a change in the ownership and management of the PIF.

On September 19, 2006, the United States District Court for the District of Rhode Island entered a final judgment assigning all of the Palestinian Authority's ownership rights in the PIF to the Ungars, specifically: The Estate of Yaron Ungar, Dvir Ungar, Yishai Ungar, Judith Ungar, Meir Ungar, Michal Cohen, Amichai Ungar and Dafna Ungar. A copy of the Judgment is attached.

JAROSLAWICZ & JAROS

October 20, 2006
Page 2 of 2

Thus, the Palestinian Authority no longer owns the PIF.

On October 17, 2006, the new owners of the PIF issued a Resolution dismissing all the Directors of the PIF (including the Chairman of the Board) and appointing a new Board of Directors. A copy of that Resolution is attached.

On October 19, 2006, the new Board of Directors of the PIF issued a Resolution dismissing all officers, employees and agents of the PIF, and appointing Messrs. Uri Dasberg and Meir Ungar as the sole officers and signatories of the PIF. A copy of that Resolution is attached.

Our firm has now been retained as counsel by the PIF, and I have been instructed to inform you that the PIF will not be retaining your firm. To the extent that you have already been retained by the former management of PIF, then I am instructed to notify you that such retention is now terminated.

Please let me know whether any retainer fee has been received by your firm, and if so what the current balance is, and when I can drop by your office to peruse and copy your files.

Very truly yours,

Robert J. Tolchin

Robert J. Tolchin

# Resolution

## Regarding Dismissal and Appointment of Directors of The Palestine Investment Fund Company
## (صندوق الاستثمار الفلسطيني)

**WHEREAS**, on September 19, 2006, the United States District Court for the District of Rhode Island entered a Final Judgment (hereinafter: the "Final Judgment") assigning, transferring and conveying to the undersigned, The Estate of Yaron Ungar, Dvir Ungar, Yishai Ungar, Judith Ungar, Meir Ungar, Michal Cohen, Amichai Ungar and Dafna Ungar (hereinafter: the "New Owners"), all of the Palestinian Authority's ownership rights in the Palestine Investment Fund Company (صندوق الاستثمار الفلسطيني) (hereinafter: the "PIF"); and

**WHEREAS**, the Final Judgment also assigned, transferred and conveyed to the New Owners all rights, benefits and interests of the Palestinian Authority in all property, assets and credits, of any type, that are titled and/or owed to the PIF; and

**WHEREAS**, we the New Owners have concluded: (i) that the current Directors of the PIF are officers, agents and/or close associates of the former owner of the PIF, the Palestinian Authority; (ii) that the current Directors of the PIF are adverse to the New Owners of the PIF, and to the rights and interests of the New Owners; (iii) that the current Directors of the PIF are unwilling and/or unable to cooperate with and fulfill their duties toward the New Owners; (iv) that the current Directors of the PIF have not prevented the Palestinian Authority from utilizing the PIF to shield assets from judgment creditors; (v) that if the current Directors of the PIF continue in their position they may transfer assets to the Palestinian Authority; and (vi) that if the current Directors of the PIF continue in their position they are liable to cause severe and irreversible harm to the New Owners;

1

**THEREFORE**, we the New Owners hereby Resolve, pursuant to and in exercise of our ownership rights in the PIF, and in order to protect our rights, benefits and interests, as follows:

1.  All current Directors of the PIF (including the Chairman of the Board of Directors) (hereinafter: the "Former Directors") are hereby removed and dismissed with cause from their positions in the PIF, effective immediately;

2.  The following persons (hereinafter: the "New Directors") are hereby appointed as the new Directors of the PIF, effective immediately, for a period of one year:

    a.  Meir Weininger
    b.  Yehoshua Cohen
    c.  Professor Meir Ungar
    d.  Uri Dasberg
    e.  Amichai Ungar
    f.  Yochanan Harris
    g.  Yosef Meir

3.  The New Directors are hereby authorized, inter alia, to take any and all steps necessary and appropriate to protecting and/or realizing the New Owners' rights and interests, including, without limitation, removal and dismissal of current officers, agents and employees of the PIF, and appointment of new officers, agents and employees in their place.

**IN WITNESS THERETO** we the New Owners of the PIF affix our signatures below,

this 17th day of October, 2006:

The Estate of Yaron Ungar  Dvir Ungar  Yishai Ungar

Judith Ungar  Meir Ungar  Michal Cohen  Amichai Ungar  Dafna Ungar

# The Palestine Investment Fund Company

## صندوق الاستثمار الفلسطيني

## Board of Directors

Resolutions and Minutes of the Meeting of the Board of Directors of the
Palestine Investment Fund Company (صندوق الاستثمار الفلسطيني)
Held at Khabla at 5:00 p.m. on October 19, 2006

1. **Attendance, Notice and Procedure:**

    1.1. The following Directors were present throughout the meeting:

    > Meir Weininger
    > Yehoshua Cohen
    > Professor Meir Ungar
    > Uri Dasberg
    > Amichai Ungar
    > Yochanan Harris and
    > Yosef Meir

    being all of the members of the Board of Directors.

    1.2. All Directors being present, the Directors unanimously waived advance notice of the meeting of the Board.

    1.3. The Directors selected Amichai Ungar to chair the meeting.

2. **Business Discussed:**

    2.1. The Directors considered the "Resolution Regarding Dismissal and Appointment of Directors of the Palestine Investment Fund Company" executed by the new owners of the PIF on October 17th, 2006, including the issue of the current officers, agents and employees of the PIF discussed therein.

    2.2. The Directors concluded that the current officers, agents and employees of the PIF should be removed and dismissed with cause because: (i) the current officers, agents and employees of the PIF are officers, agents and/or supporters of the former owner of the PIF, the Palestinian Authority; (ii) the current officers, agents and employees

1

of the PIF are adverse to the new owners and new Directors of the PIF, and to the rights and interests of the new owners; (iii) the current officers, agents and employees of the PIF are unwilling and/or unable to cooperate with the Directors and fulfill their duties properly; (iv) the current officers, agents and employees of the PIF have not prevented the Palestinian Authority from utilizing the PIF to shield assets from judgment creditors; (v) if the current officers, agents and employees of the PIF continue in their position they may transfer assets to the Palestinian Authority; and (vi) if the current officers, agents and employees of the PIF continue in their position they are liable to cause severe and irreversible harm to the new owners.

2.3.    The Directors considered the question of appointing new officers, agents and/or employees, and concluded that two new officers should be appointed immediately to the positions of Secretary and Treasurer.

3. **Resolutions:**

3.1.    The Board of Directors unanimously resolved that all current officers, agents and employees of the PIF (including without limitation the General Manager) are removed and dismissed with cause from their positions in and/or with the PIF, effective immediately.

3.2.    The Board of Directors further unanimously resolved to appoint Uri Dasberg as the Secretary of the PIF, effective immediately.

3.3.    The Board of Directors further unanimously resolved to appoint Meir Ungar as the Treasurer of the PIF, effective immediately.

3.4.    The Board of Directors further unanimously resolved that Uri Dasberg, in his capacity as Secretary of PIF, is directed to forthwith cause the former officers, agents and employees of the PIF to receive notice of their removal and dismissal by the Resolution set forth at section 3.1 above.

3.5.    The Board of Directors further unanimously resolved that Uri Dasberg and Meir Ungar, in their capacities as Secretary and Treasurer of PIF, respectively, are jointly authorized and empowered to act on behalf and in the name of the PIF, and to represent the PIF, for any and all purposes.

3.6.    The Board of Directors further unanimously resolved that the joint signatures of Uri Dasberg and Meir Ungar, in their capacities as Secretary and Treasurer of PIF, respectively, are sufficient to bind the PIF for any and all purposes.

3.7.    The Board of Directors further unanimously resolved that Uri Dasberg and Meir Ungar, in their capacities as Secretary and Treasurer of PIF, respectively, are authorized, empowered and directed to take any and all steps they deem necessary and appropriate to protecting and/or realizing the rights and interests of the new owners of the PIF.

2

3.8. The Board of Directors further unanimously resolved that Uri Dasberg and Meir Ungar, in their capacities as Secretary and Treasurer of PIF, respectively, are authorized, empowered and directed to identify, marshal, gather, recover, take possession, control and charge of, and to demand and obtain from any person or entity, all property, assets and credits, of any type, that are titled and/or owed to the PIF, or in which the PIF has any legal, equitable or beneficial interest.

3.9. The Board of Directors further unanimously resolved that Uri Dasberg and Meir Ungar, in their capacities as Secretary and Treasurer of PIF, respectively, are authorized, empowered and directed to identify, demand and obtain from any person or entity, any and all documents, records, information, books of account and papers of the PIF and/or which the PIF is entitled to possess, examine or copy, including without limitation any and all documents or information relating to, concerning and/or referring to all property, assets and credits, of any type, that are titled and/or owed to the PIF, or in which the PIF has any legal, equitable or beneficial interest.

3.10. The Board of Directors further unanimously resolved that Uri Dasberg and Meir Ungar, in their capacities as Secretary and Treasurer of PIF, respectively, are authorized, empowered and directed to take, on behalf of and in the name of the PIF, any and all actions they deem necessary and appropriate to realize, fulfill and/or effectuate the Resolutions contained herein, including without limitation initiating, appearing in, participating in, prosecuting and/or defending any and all judicial, legal, arbitral, administrative, statutory or other proceedings or procedures.

3.11. The Board of Directors further unanimously resolved that Uri Dasberg and Meir Ungar, in their capacities as Secretary and Treasurer of PIF, are authorized and empowered to retain attorneys for the PIF to act on behalf of and represent the PIF in any jurisdiction for any purpose, and to empower such attorneys to perform any act that Uri Dasberg and Meir Ungar, in their capacities as Secretary and Treasurer of PIF, are authorized and/or empowered to perform.

**IN WITNESS THERETO** we the Directors of the PIF affix our signatures below, this 19th day of October, 2006:

| | | |
|---|---|---|
| _Meir Weininger_ | _Yehoshua Cohen_ | _Meir Ungar_ |
| _Uri Dasberg_ | _Amichai Ungar_ | _Yochanan Harris_   _Yosef Meir_ |

I hereby certify that this is a true and correct copy:

_____
Uri Dasberg, Secretary

3

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| The Estates of Yaron Ungar and Efrat Ungar by and through the administrator of their estates David Strachman; Dvir Ungar, minor, by his guardians and next friend; Yishai Ungar, minor, by his guardians and next friend; Professor Meyer Ungar; Judith Ungar; Rabbi Uri Dasberg; Judith Dasberg (individually and in their capacity as legal guardians of plaintiffs Dvir Ungar and Yishai Ungar); Amichai Ungar; Dafna Ungar; and Michal Cohen,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　　　　v.<br><br>The Palestinian Authority (a.k.a. "The Palestinian Interim Self-Government Authority"); The Palestine Liberation Organization; Hamas–Islamic Resistance Movement (a.k.a. "Harakat Al-Muqawama Al-Islamiyya"); Abdel Rahman Ismail Abdel Rahman Ghanimat; Jamal Abdel Fatah Tzabich Al Hor; Raed Fakhri Abu Hamdiya; Ibrahim Ghanimat; and Iman Mahmud Hassan Fuad Kafishe,<br><br>　　　　　　　　　　Defendants. | C.A. No. 00-105L |

## FINAL JUDGMENT

Final judgment for Plaintiffs, The Estate of Yaron Ungar, Dvir Ungar, Yishai Ungar, Judith Ungar, Meir Ungar, Michal Cohen, Amichai Ungar and Dafna Ungar, against Defendant, the Palestinian Authority.

1

All of the Palestinian Authority's ownership rights in the Palestinian Commercial Services Company (a/k/a "Palestine Commercial Services Company") that are evidenced by the certificates attached hereto to as Appendices 1 and 2, and

all of the Palestinian Authority's ownership rights in the Palestine Investment Fund Company (a/k/a "Palestinian Investment Fund" or "Sharekat Sundouk al-Istithmar al-Filistinee") that are evidenced by the certificate attached hereto to as Appendix 3, and

all rights, benefits and interests of the Palestinian Authority in all property, assets and credits, of any type, that are titled and/or owed to the Palestinian Commercial Services Company (a/k/a "Palestine Commercial Services Company") and/or to the Palestine Investment Fund Company (a/k/a "Palestinian Investment Fund" or "Sharekat Sundouk al-Istithmar al-Filistinee"),

are hereby assigned, transferred and conveyed to The Estate of Yaron Ungar, Dvir Ungar, Yishai Ungar, Judith Ungar, Meir Ungar, Michal Cohen, Amichai Ungar and Dafna Ungar.

Senior Judge Ronald R. Lagueux
United States District Court
September 16, 2006
19

2

# EXHIBIT C

# LeBoeuf, Lamb, Greene & MacRae LLP

NEW YORK
WASHINGTON, D.C.
ALBANY
BOSTON
CHICAGO
HARTFORD
HOUSTON
JACKSONVILLE
LOS ANGELES
PITTSBURGH
SAN FRANCISCO

GOODWIN SQUARE
225 ASYLUM STREET, 13TH FLOOR
HARTFORD, CT 06103
(860) 293-3500
FACSIMILE: (860) 293-3555

E-MAIL ADDRESS: THOMAS.ROHBACK@LLGM.COM
WRITER'S DIRECT DIAL: (860) 293-3557

LONDON
A MULTINATIONAL
PARTNERSHIP
PARIS
BRUSSELS
JOHANNESBURG
(PTY) LTD.
MOSCOW
RIYADH
AFFILIATED OFFICE
ALMATY
BEIJING

October 24, 2006

VIA FACSIMILE AND MAIL
Robert J. Tolchin
Law Office of Jaroslawicz & Jaros
150 William Street, 19th Floor
New York, NY 10038

Re:  Palestine Investment Fund

Dear Mr. Tolchin:

I received your letter dated October 20, 2006 in which you assert, among other things, that: 1) the Ungars now purport to own and control the PIF; 2) the Ungars have supposedly held a board meeting without notice in Khabla on October 19, 2006; 3) that they now claim to be the directors of the PIF; and 4) that you have replaced this firm as counsel to the PIF. Further, it is my understanding that you have written directly to the board members and officers of PIF to inform them that they have supposedly been discharged.

Let us be clear, we absolutely take issue with your assertions and intend to challenge them in an appropriate court of law. As you know, we announced our intention to file papers in the Connecticut proceeding just a day or two before your purported board meeting in Khabla. We still intend to make a filing.

Robert J. Tolchin
October 24, 2006
Page 2

Until a court has had an opportunity to hear our arguments, we insist that you immediately cease and desist from all further attempts to represent yourself as counsel to the PIF or to represent that the Ungars are the duly elected board members of the PIF. Please be advised that we will seek to hold you and the Ungars responsible for any and all damages that may be incurred as a result of your precipitous actions. We urge you to refrain from any further unilateral actions until these issues can be addressed by a court.

Sincerely yours,

*Thomas G. Rohback /glg*

Thomas G. Rohback

264933

# EXHIBIT D

Law Office of

# JAROSLAWICZ & JAROS

150 William Street, 19ᵀᴴ Floor
New York, New York 10038

(212) 227-2780

David Jaroslawicz
(NY, FA & CA Bars)
Abraham Jaros

Robert J. Tolchin
Of Counsel
RJT@tolchinlaw.com

October 24, 2006

**BY FAX, MAIL, AND EMAIL**
Thomas G. Rohback, Esq. (trohback@llgm.com)
Gail L. Gottehrer, Esq. (glgotteh@llgm.com)
LeBoeuf, Lamb, Greene & MacRae LLP
Goodwin Square
225 Asylum Street, 13th Floor
Hartford, Connecticut 06103

Fax: 860-293-3555

Re:    The Palestine Investment Fund

Dear Tom and Gail,

This letter responds to your letter of October 24, 2006.

As was made <u>crystal-clear</u> to you in our letter of October 20, 2006, and the attachments thereto, the PIF is now owned by the Ungar family, the directors and management have been replaced, this firm has been retained by the PIF, and your representation of the PIF has been terminated.

Therefore, the content of your letter of October 24 is utterly baseless, and your claim to continue to represent the PIF is absolutely fraudulent.

We hereby caution you in the strongest of terms that if you or LeBoeuf Lamb takes any further action purporting to act on behalf of the PIF (including without limitation filing any court papers purporting to be from the PIF), the Ungars and the PIF will take all measures the law permits against you and your firm.

Interference with enforcement of a judgment is actionable both under state law and under RICO. *See e.g. Wooten v. Loshbough*, 649 F. Supp. 531 (N.D. Ind. 1986); *Cadle Co. v. Schultz*, 779 F. Supp. 392 (N.D. Tex. 1991). I remind you that the underlying judgment here exceeds $116 million, which trebled under RICO comes to some $350

JAROSLAWICZ & JAROS

October 24, 2006
Page 2 of 2

million. LeBoeuf would not be the first law firm to be misled and then left in the lurch by the Palestinian Authority and the PLO.

Before you take any further steps, we strongly suggest that you bring this matter to the attention of LeBoeuf's oversight committee.

Additionally, since we glean from your letter that you are in contact with the former directors and managers of the PIF, we request that you warn them not to attempt to secrete or transfer assets and of the serious consequences that such conduct would entail for them personally.

Finally, LeBoeuf's threats against the Ungars, who are the orphans and family members of a U.S. citizen and his pregnant wife murdered in a terrorist attack, are shocking, unconscionable, and unethical.

Very truly yours,

Robert J. Tolchin

# EXHIBIT E

# LeBoeuf, Lamb, Greene & MacRae llp

NEW YORK
WASHINGTON, D.C.
ALBANY
BOSTON
CHICAGO
HARTFORD
HOUSTON
JACKSONVILLE
LOS ANGELES
PITTSBURGH
SAN FRANCISCO

Goodwin Square
225 Asylum Street, 13th Floor
Hartford, CT 06103
(860) 293-3500
Facsimile: (860) 293-3555

E-MAIL ADDRESS: THOMAS.ROHBACK@LLGM.COM
WRITER'S DIRECT DIAL: (860) 293-3557
WRITER'S DIRECT FAX: (860) 241-1357

LONDON
A MULTINATIONAL
PARTNERSHIP
PARIS
BRUSSELS
JOHANNESBURG
(PTY) LTD.
MOSCOW
RIYADH
AFFILIATED OFFICE
ALMATY
BEIJING

October 26, 2006

The Honorable Peter C. Dorsey
United States District Judge
District of Connecticut
United States Court House
141 Church Street
New Haven, CT 06510

Re:    Strachman v. The Palestinian Authority, et al.
       Case No. 05-mc-00208-PCD

Dear Judge Dorsey:

On October 16, 2006, on behalf of the Palestine Investment Fund (the "PIF"), I submitted a letter to the Court in connection with the above-captioned matter (Attachment 1). On October 20, 2006, I received a letter from Robert Tolchin, counsel to the Ungars, stating that he now represents the PIF and that LeBoeuf Lamb has been discharged (Attachment 2). He appears to base that claim on a default judgment he obtained against the Palestinian Authority in a case in which the PIF was not a party and was not served. To the extent that Mr. Tolchin obtained a default judgment against the Palestinian Authority, it is not clear to us that his clients are now the rightful owners of the PIF.

On October 24, 2006, I wrote back to Mr. Tolchin explaining we could not simply abandon a legal representation that we had been asked to undertake and that our intention was to obtain guidance from the Court (Attachment 3). In response to that letter, Mr. Tolchin sent me a letter dated October 24, 2006 in which he threatened $350,000,000 in trebled RICO damages against this law firm if we filed any papers with any Court on behalf of the PIF. In his letter, Mr. Tolchin stated that LeBoeuf's "claim to continue to represent the PIF is absolutely fraudulent." Mr. Tolchin then threatened "if you or LeBoeuf Lamb takes any further action purporting to act on behalf of the PIF (including without limitation filing any court papers purporting to be from the PIF), the Ungars and the PIF will take all measures the law permits against you and your firm" including seeking $350,000,000 in RICO damages (Attachment 4).

The Honorable Peter C. Dorsey
October 26, 2006
Page 2

Respectfully, we request a conference with the Court as soon as possible so that we may discuss how to proceed.

Respectfully submitted,

Thomas G. Rohback / glg

Thomas G. Rohback

Attachments
cc:      All Parties

264985

**ATTACHMENT 1**

# LeBoeuf, Lamb, Greene & MacRae LLP

NEW YORK
WASHINGTON, D.C.
ALBANY
BOSTON
CHICAGO
HARTFORD
HOUSTON
JACKSONVILLE
LOS ANGELES
PITTSBURGH
SAN FRANCISCO

Goodwin Square
225 Asylum Street, 13th Floor
Hartford, CT 06103
(860) 293-3500
Facsimile: (860) 293-3555

E-MAIL ADDRESS: THOMAS.ROHBACK@LLGM.COM
WRITER'S DIRECT DIAL: (860) 293-3557

LONDON
A MULTINATIONAL
PARTNERSHIP
PARIS
BRUSSELS
JOHANNESBURG
(PTY) LTD.
MOSCOW
RIYADH
AFFILIATED OFFICE
ALMATY
BEIJING

October 16, 2006

The Honorable Peter C. Dorsey
United States District Judge
District of Connecticut
United States Court House
141 Church Street
New Haven, CT 06510

Re:  **Strachman v. The Palestinian Authority, et al.**
     Case No. 05-mc-00208-PCD

Dear Judge Dorsey:

Last week this firm was asked to represent the Palestine Investment Fund ("PIF"). We are in the process of trying to ascertain relevant facts and to understand the current status of the legal issues involved in the above-captioned action. Although the PIF is not a party, it is our understanding that the action may involve requests for judicial rulings regarding PIF assets. While it is premature for us to indicate a specific legal position, we do wish to be heard.

We understand that a motion has been filed by Canaan Partners, and that this motion is sub judice. Expressly reserving all rights, including the right to contest jurisdiction, we respectfully request permission to file papers relating to that motion.

Respectfully submitted,

Thomas Rohback / glg

Thomas G. Rohback

cc:  All counsel of record (via U.S. Mail)
2644612

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
DAVID STRACHMAN, Administrator of the    :
Estate of Yaron Ungar, et al.,           :
                                         :
              Plaintiffs,                 :
                                         :
     -against-                           :   Case No. 3:05-mc-00208-PCD
                                         :
THE PALESTINIAN AUTHORITY, et al.,       :   October 16, 2006
                                         :
              Defendants.                :
                                         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

## CERTIFICATE OF SERVICE

I hereby certify that on October 16, 2006, I caused a true and correct copy of the

foregoing to be served by U.S. mail to the following:

David J. Strachman
McIntyre, Tate, Lynch & Holt-LLP
321 South Main Street
Suite 400
Providence, RI 02903

Stephen P. Wright
Harlow, Adams & Friedman, P.C.
300 Bic Drive
Milford, CT 06460

Jeffrey J. Tinley
Erin L. Golembiewski
Tinley, Nastri, Renehan & Dost
60 North Main Street, 2nd floor
Waterbury, CT 06702

Robert F. Maslan, Jr., Esq.
Maslan Brown & Associates, LLP
9 Old Kings Highway South
P.O. Box 37
Darien, CT 06820

Charles L. Kerr
Mark D. McPherson
Morrison & Foerster
1290 Avenue of the Americas
New York, NY 10104-0050

Robert A. Alessi
Tamara L. Schlinger
Cahill, Gordon & Reindel
80 Pine St.
New York, NY 10005


Gail L. Gottehrer

264616

**ATTACHMENT 2**

LAW OFFICE OF

# JAROSLAWICZ & JAROS

150 WILLIAM STREET, 19ᵀᴴ FLOOR
NEW YORK, NEW YORK 10038

(212) 227-2780

DAVID JAROSLAWICZ
(NY, FA & CA BARS)
ABRAHAM JAROS

ROBERT J. TOLCHIN
OF COUNSEL
RJT@tolchinlaw.com

October 20, 2006

**BY FAX, MAIL, AND EMAIL**
Thomas G. Rohback, Esq.    (trohback@llgm.com)
Gail L. Gottehrer, Esq.    (glgotteh@llgm.com)
LeBoeuf, Lamb, Greene & MacRae LLP
Goodwin Square
225 Asylum Street, 13th Floor
Hartford, Connecticut 06103

Fax: 860-293-3555

Re:  Change in Ownership and Management of the
     Palestine Investment Fund

Dear Tom and Gail,

As you will recall, we represent the Estate and family of Yaron Ungar (the "Ungars"), an American citizen who was murdered in a terrorist attack in 1996.

I am in receipt of a letter that you sent several days ago to the United States District Court in Connecticut, regarding the proceeding pending against the Canaan Equity entities in respect to the Ungars' efforts to enforce their judgment against the Palestinian Authority. In that letter, you state that you are in the process of being retained by the Palestine Investment Fund ("PIF").

I am writing to inform you about a change in the ownership and management of the PIF.

On September 19, 2006, the United States District Court for the District of Rhode Island entered a final judgment assigning all of the Palestinian Authority's ownership rights in the PIF to the Ungars, specifically: The Estate of Yaron Ungar, Dvir Ungar, Yishai Ungar, Judith Ungar, Meir Ungar, Michal Cohen, Amichai Ungar and Dafna Ungar. A copy of the Judgment is attached.

JAROSLAWICZ & JAROS

October 20, 2006
Page 2 of 2

Thus, the Palestinian Authority no longer owns the PIF.

On October 17, 2006, the new owners of the PIF issued a Resolution dismissing all the Directors of the PIF (including the Chairman of the Board) and appointing a new Board of Directors. A copy of that Resolution is attached.

On October 19, 2006, the new Board of Directors of the PIF issued a Resolution dismissing all officers, employees and agents of the PIF, and appointing Messrs. Uri Dasberg and Meir Ungar as the sole officers and signatories of the PIF. A copy of that Resolution is attached.

Our firm has now been retained as counsel by the PIF, and I have been instructed to inform you that the PIF will not be retaining your firm. To the extent that you have already been retained by the former management of PIF, then I am instructed to notify you that such retention is now terminated.

Please let me know whether any retainer fee has been received by your firm, and if so what the current balance is, and when I can drop by your office to peruse and copy your files.

Very truly yours,

Robert J. Tolchin

# Resolution
## Regarding Dismissal and Appointment of Directors of
## The Palestine Investment Fund Company
## (صندوق الاستثمار الفلسطيني)

**WHEREAS**, on September 19, 2006, the United States District Court for the District of Rhode Island entered a Final Judgment (hereinafter: the "Final Judgment") assigning, transferring and conveying to the undersigned, The Estate of Yaron Ungar, Dvir Ungar, Yishai Ungar, Judith Ungar, Meir Ungar, Michal Cohen, Amichai Ungar and Dafna Ungar (hereinafter: the "New Owners"), all of the Palestinian Authority's ownership rights in the Palestine Investment Fund Company (صندوق الاستثمار الفلسطيني) (hereinafter: the "PIF"); and

**WHEREAS**, the Final Judgment also assigned, transferred and conveyed to the New Owners all rights, benefits and interests of the Palestinian Authority in all property, assets and credits, of any type, that are titled and/or owed to the PIF; and

**WHEREAS**, we the New Owners have concluded: (i) that the current Directors of the PIF are officers, agents and/or close associates of the former owner of the PIF, the Palestinian Authority; (ii) that the current Directors of the PIF are adverse to the New Owners of the PIF, and to the rights and interests of the New Owners; (iii) that the current Directors of the PIF are unwilling and/or unable to cooperate with and fulfill their duties toward the New Owners; (iv) that the current Directors of the PIF have not prevented the Palestinian Authority from utilizing the PIF to shield assets from judgment creditors; (v) that if the current Directors of the PIF continue in their position they may transfer assets to the Palestinian Authority; and (vi) that if the current Directors of the PIF continue in their position they are liable to cause severe and irreversible harm to the New Owners;

1

**THEREFORE**, we the New Owners hereby Resolve, pursuant to and in exercise of our ownership rights in the PIF, and in order to protect our rights, benefits and interests, as follows:

1.     All current Directors of the PIF (including the Chairman of the Board of Directors) (hereinafter: the "Former Directors") are hereby removed and dismissed with cause from their positions in the PIF, effective immediately;

2.     The following persons (hereinafter: the "New Directors") are hereby appointed as the new Directors of the PIF, effective immediately, for a period of one year:

    a.    Meir Weininger
    b.    Yehoshua Cohen
    c.    Professor Meir Ungar
    d.    Uri Dasberg
    e.    Amichai Ungar
    f.    Yochanan Harris
    g.    Yosef Meir

3.     The New Directors are hereby authorized, inter alia, to take any and all steps necessary and appropriate to protecting and/or realizing the New Owners' rights and interests, including, without limitation, removal and dismissal of current officers, agents and employees of the PIF, and appointment of new officers, agents and employees in their place.

**IN WITNESS THERETO** we the New Owners of the PIF affix our signatures below,

this 17th day of October, 2006:

The Estate of Yaron Ungar                    Dvir Ungar                    Yishai Ungar

Judith Ungar      Meir Ungar      Michal Cohen      Amichai Ungar      Dafna Ungar

2

# The Palestine Investment Fund Company

## صندوق الاستثمار الفلسطيني

## Board of Directors

---

Resolutions and Minutes of the Meeting of the Board of Directors of the
Palestine Investment Fund Company (صندوق الاستثمار الفلسطيني)
Held at Khabla at 5:00 p.m. on October 19, 2006

1. **Attendance, Notice and Procedure:**

    1.1.    The following Directors were present throughout the meeting:

    >   Meir Weininger
    >   Yehoshua Cohen
    >   Professor Meir Ungar
    >   Uri Dasberg
    >   Amichai Ungar
    >   Yochanan Harris and
    >   Yosef Meir

    being all of the members of the Board of Directors.

    1.2.    All Directors being present, the Directors unanimously waived advance notice of the
    meeting of the Board.

    1.3.    The Directors selected Amichai Ungar to chair the meeting.

2. **Business Discussed:**

    2.1.    The Directors considered the "Resolution Regarding Dismissal and Appointment of
    Directors of the Palestine Investment Fund Company" executed by the new owners
    of the PIF on October 17th, 2006, including the issue of the current officers, agents
    and employees of the PIF discussed therein.

    2.2.    The Directors concluded that the current officers, agents and employees of the PIF
    should be removed and dismissed with cause because: (i) the current officers, agents
    and employees of the PIF are officers, agents and/or supporters of the former owner
    of the PIF, the Palestinian Authority; (ii) the current officers, agents and employees

1

of the PIF are adverse to the new owners and new Directors of the PIF, and to the rights and interests of the new owners; (iii) the current officers, agents and employees of the PIF are unwilling and/or unable to cooperate with the Directors and fulfill their duties properly; (iv) the current officers, agents and employees of the PIF have not prevented the Palestinian Authority from utilizing the PIF to shield assets from judgment creditors; (v) if the current officers, agents and employees of the PIF continue in their position they may transfer assets to the Palestinian Authority; and (vi) if the current officers, agents and employees of the PIF continue in their position they are liable to cause severe and irreversible harm to the new owners.

2.3.    The Directors considered the question of appointing new officers, agents and/or employees, and concluded that two new officers should be appointed immediately to the positions of Secretary and Treasurer.

3.  **Resolutions:**

3.1.    The Board of Directors unanimously resolved that all current officers, agents and employees of the PIF (including without limitation the General Manager) are removed and dismissed with cause from their positions in and/or with the PIF, effective immediately.

3.2.    The Board of Directors further unanimously resolved to appoint Uri Dasberg as the Secretary of the PIF, effective immediately.

3.3.    The Board of Directors further unanimously resolved to appoint Meir Ungar as the Treasurer of the PIF, effective immediately.

3.4.    The Board of Directors further unanimously resolved that Uri Dasberg, in his capacity as Secretary of PIF, is directed to forthwith cause the former officers, agents and employees of the PIF to receive notice of their removal and dismissal by the Resolution set forth at section 3.1 above.

3.5.    The Board of Directors further unanimously resolved that Uri Dasberg and Meir Ungar, in their capacities as Secretary and Treasurer of PIF, respectively, are jointly authorized and empowered to act on behalf and in the name of the PIF, and to represent the PIF, for any and all purposes.

3.6.    The Board of Directors further unanimously resolved that the joint signatures of Uri Dasberg and Meir Ungar, in their capacities as Secretary and Treasurer of PIF, respectively, are sufficient to bind the PIF for any and all purposes.

3.7.    The Board of Directors further unanimously resolved that Uri Dasberg and Meir Ungar, in their capacities as Secretary and Treasurer of PIF, respectively, are authorized, empowered and directed to take any and all steps they deem necessary and appropriate to protecting and/or realizing the rights and interests of the new owners of the PIF.

2

3.8.  The Board of Directors further unanimously resolved that Uri Dasberg and Meir Ungar, in their capacities as Secretary and Treasurer of PIF, respectively, are authorized, empowered and directed to identify, marshal, gather, recover, take possession, control and charge of, and to demand and obtain from any person or entity, all property, assets and credits, of any type, that are titled and/or owed to the PIF, or in which the PIF has any legal, equitable or beneficial interest.

3.9.  The Board of Directors further unanimously resolved that Uri Dasberg and Meir Ungar, in their capacities as Secretary and Treasurer of PIF, respectively, are authorized, empowered and directed to identify, demand and obtain from any person or entity, any and all documents, records, information, books of account and papers of the PIF and/or which the PIF is entitled to possess, examine or copy, including without limitation any and all documents or information relating to, concerning and/or referring to all property, assets and credits, of any type, that are titled and/or owed to the PIF, or in which the PIF has any legal, equitable or beneficial interest.

3.10.  The Board of Directors further unanimously resolved that Uri Dasberg and Meir Ungar, in their capacities as Secretary and Treasurer of PIF, respectively, are authorized, empowered and directed to take, on behalf of and in the name of the PIF, any and all actions they deem necessary and appropriate to realize, fulfill and/or effectuate the Resolutions contained herein, including without limitation initiating, appearing in, participating in, prosecuting and/or defending any and all judicial, legal, arbitral, administrative, statutory or other proceedings or procedures.

3.11.  The Board of Directors further unanimously resolved that Uri Dasberg and Meir Ungar, in their capacities as Secretary and Treasurer of PIF, are authorized and empowered to retain attorneys for the PIF to act on behalf of and represent the PIF in any jurisdiction for any purpose, and to empower such attorneys to perform any act that Uri Dasberg and Meir Ungar, in their capacities as Secretary and Treasurer of PIF, are authorized and/or empowered to perform.

**IN WITNESS THERETO** we the Directors of the PIF affix our signatures below, this 19th day of October, 2006:

_Weininger Meir_      _Y. Cohn_      _M. Ungar_
_____    _____    _____
Meir Weininger       Yehoshua Cohen       Meir Ungar

_____   _____   _____   _____
Uri Dasberg      Amichai Ungar      Yochanan Harris      Yosef Meir

I hereby certify that this is a true and correct copy:

_____
Uri Dasberg, Secretary

3

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| The Estates of Yaron Ungar and Efrat Ungar by and through the administrator of their estates David Strachman; Dvir Ungar, minor, by his guardians and next friend; Yishai Ungar, minor, by his guardians and next friend; Professor Meyer Ungar; Judith Ungar; Rabbi Uri Dasberg; Judith Dasberg (individually and in their capacity as legal guardians of plaintiffs Dvir Ungar and Yishai Ungar); Amichai Ungar; Dafna Ungar; and Michal Cohen,<br><br>          Plaintiffs,<br><br>     v.<br><br>The Palestinian Authority (a.k.a. "The Palestinian Interim Self-Government Authority"); The Palestine Liberation Organization; Hamas–Islamic Resistance Movement (a.k.a. "Harakat Al-Muqawama Al-Islamiyya"); Abdel Rahman Ismail Abdel Rahman Ghanimat; Jamal Abdel Fatah Tzabich Al Hor; Raed Fakhri Abu Hamdiya; Ibrahim Ghanimat; and Iman Mahmud Hassan Fuad Kafishe,<br><br>          Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br><br>C.A. No. 00-105L |

## FINAL JUDGMENT

Final judgment for Plaintiffs, The Estate of Yaron Ungar, Dvir Ungar, Yishai Ungar, Judith Ungar, Meir Ungar, Michal Cohen, Amichai Ungar and Dafna Ungar, against Defendant, the Palestinian Authority.

1

All of the Palestinian Authority's ownership rights in the Palestinian Commercial Services Company (a/k/a "Palestine Commercial Services Company") that are evidenced by the certificates attached hereto to as Appendices 1 and 2, and

all of the Palestinian Authority's ownership rights in the Palestine Investment Fund Company (a/k/a "Palestinian Investment Fund" or "Sharekat Sundouk al-Istithmar al-Filistinee") that are evidenced by the certificate attached hereto to as Appendix 3, and

all rights, benefits and interests of the Palestinian Authority in all property, assets and credits, of any type, that are titled and/or owed to the Palestinian Commercial Services Company (a/k/a "Palestine Commercial Services Company") and/or to the Palestine Investment Fund Company (a/k/a "Palestinian Investment Fund" or "Sharekat Sundouk al-Istithmar al-Filistinee"),

are hereby assigned, transferred and conveyed to The Estate of Yaron Ungar, Dvir Ungar, Yishai Ungar, Judith Ungar, Meir Ungar, Michal Cohen, Amichai Ungar and Dafna Ungar.

Senior Judge Ronald R. Lagueux
United States District Court
September 19, 2006

2

**ATTACHMENT 3**

# LeBoeuf, Lamb, Greene & MacRae LLP

NEW YORK
WASHINGTON, D.C.
ALBANY
BOSTON
CHICAGO
HARTFORD
HOUSTON
JACKSONVILLE
LOS ANGELES
PITTSBURGH
SAN FRANCISCO

GOODWIN SQUARE
225 ASYLUM STREET, 13TH FLOOR
HARTFORD, CT 06103
(860) 293-3500
FACSIMILE: (860) 293-3555

E-MAIL ADDRESS: THOMAS.ROHBACK@LLGM.COM
WRITER'S DIRECT DIAL: (860) 293-3557

LONDON
A MULTINATIONAL
PARTNERSHIP
PARIS
BRUSSELS
JOHANNESBURG
(PTY) LTD.
MOSCOW
RIYADH
AFFILIATED OFFICE
ALMATY
BEIJING

October 24, 2006

<u>VIA FACSIMILE AND MAIL</u>
Robert J. Tolchin
Law Office of Jaroslawicz & Jaros
150 William Street, 19th Floor
New York, NY 10038

Re:    <u>Palestine Investment Fund</u>

Dear Mr. Tolchin:

I received your letter dated October 20, 2006 in which you assert, among other things, that: 1) the Ungars now purport to own and control the PIF; 2) the Ungars have supposedly held a board meeting without notice in Khabla on October 19, 2006; 3) that they now claim to be the directors of the PIF; and 4) that you have replaced this firm as counsel to the PIF. Further, it is my understanding that you have written directly to the board members and officers of PIF to inform them that they have supposedly been discharged.

Let us be clear, we absolutely take issue with your assertions and intend to challenge them in an appropriate court of law. As you know, we announced our intention to file papers in the Connecticut proceeding just a day or two before your purported board meeting in Khabla. We still intend to make a filing.

Robert J. Tolchin
October 24, 2006
Page 2

Until a court has had an opportunity to hear our arguments, we insist that you immediately cease and desist from all further attempts to represent yourself as counsel to the PIF or to represent that the Ungars are the duly elected board members of the PIF. Please be advised that we will seek to hold you and the Ungars responsible for any and all damages that may be incurred as a result of your precipitous actions. We urge you to refrain from any further unilateral actions until these issues can be addressed by a court.

Sincerely yours,

Thomas G. Rohback /gfg

Thomas G. Rohback

264933

**ATTACHMENT 4**

Law Office of

# JAROSLAWICZ & JAROS

150 William Street, 19th Floor
New York, New York 10038

(212) 227-2780

David Jaroslawicz
(NY, FA & CA Bars)
Abraham Jaros

Robert J. Tolchin
Of Counsel
RJT@tolchinlaw.com

October 24, 2006

**BY FAX, MAIL, AND EMAIL**
Thomas G. Rohback, Esq. (trohback@llgm.com)
Gail L. Gottehrer, Esq. (glgotteh@llgm.com)
LeBoeuf, Lamb, Greene & MacRae LLP
Goodwin Square
225 Asylum Street, 13th Floor
Hartford, Connecticut 06103

Fax: 860-293-3555

Re:    The Palestine Investment Fund

Dear Tom and Gail,

This letter responds to your letter of October 24, 2006.

As was made crystal-clear to you in our letter of October 20, 2006, and the attachments thereto, the PIF is now owned by the Ungar family, the directors and management have been replaced, this firm has been retained by the PIF, and your representation of the PIF has been terminated.

Therefore, the content of your letter of October 24 is utterly baseless, and your claim to continue to represent the PIF is absolutely fraudulent.

We hereby caution you in the strongest of terms that if you or LeBoeuf Lamb takes any further action purporting to act on behalf of the PIF (including without limitation filing any court papers purporting to be from the PIF), the Ungars and the PIF will take all measures the law permits against you and your firm.

Interference with enforcement of a judgment is actionable both under state law and under RICO. *See e.g. Wooten v. Loshbough,* 649 F. Supp. 531 (N.D. Ind. 1986); *Cadle Co. v. Schultz,* 779 F. Supp. 392 (N.D. Tex. 1991). I remind you that the underlying judgment here exceeds $116 million, which trebled under RICO comes to some $350

JAROSLAWICZ & JAROS

October 24, 2006
Page 2 of 2

million. LeBoeuf would not be the first law firm to be misled and then left in the lurch by the Palestinian Authority and the PLO.

Before you take any further steps, we strongly suggest that you bring this matter to the attention of LeBoeuf's oversight committee.

Additionally, since we glean from your letter that you are in contact with the former directors and managers of the PIF, we request that you warn them not to attempt to secrete or transfer assets and of the serious consequences that such conduct would entail for them personally.

Finally, LeBoeuf's threats against the Ungars, who are the orphans and family members of a U.S. citizen and his pregnant wife murdered in a terrorist attack, are shocking, unconscionable, and unethical.

Very truly yours,

Robert J. Tolchin