

RECEIVED
MAR 20 2007
CHAMBERS OF
COLLEEN McMAHON

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

THE ESTATE OF YARON UNGAR, ET AL.,

        Plaintiffs,

        v.

ORASCOM TELECOM HOLDING S.A.E., et al.,

        Defendants.

---------------------------------------------------------------x

CASE NO. 05-CV-7765 (CM)

### STIPULATION AND ORDER OF CONFIDENTIALITY

IT IS HEREBY STIPULATED AND AGREED, by and among the undersigned that the following provisions of this Stipulation and Order of Confidentiality (the "Stipulation and Order") shall govern the use of and apply to all documents, testimony and other materials and information produced in response to the Subpoena dated May 12, 2005 directed to "Citigroup, Inc. a/k/a Smith Barney,"[1] issued under the authority of the United States District Court for the Southern District of New York (Index No. 18 MS 0302) (the "Subpoena") by counsel for the Estate of Yaron Ungar, et al. (the "Judgment-Creditors") in connection with enforcement of the Judgment, dated July 13, 2004 (the "Judgment") entered in *The Estate of Yaron Ungar, et al. v. The Palestinian Authority, et al.* (D.R.I., Case No. 00-105L) (the "Rhode Island Action") with respect to Orascom Telecom Holding S.A.E ("Orascom");

    1.    The Stipulation and Order shall govern the use of and apply to all documents, testimony and other materials and information produced by Citigroup in response to the Subpoena with respect to Orascom in each of the following actions/proceedings:

---

[1] There is no legal entity known as "Citigroup, Inc. a/k/a Smith Barney" as listed in the Subpoena. Smith Barney is now known as Citigroup Global Markets, Inc. and shall be referred to herein as "Citigroup."

NYC 181255v1 0067486-000007

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

(a) The miscellaneous proceeding entitled *The Estate of Yaron Ungar, et al. v. The Palestinian Authority, et al.* (S.D.N.Y. Index No. 18 MS 0302);

(b) The action entitled *Leslye Knox, et al. v. Orascom Telecom Holdings S.A.E.* (S.D.N.Y. Case No. 06-CV-06824 (VM));

(c) The action entitled *The Estate of Yaron Ungar, et al. v. Orascom Telecom Holdings S.A.E.* (S.D.N.Y. Case No. 05-CV-7765 (CM)).

2. The Court in the above-captioned action shall have jurisdiction to hear all disputes regarding, and enforcement of, the Stipulation and Order with respect to each of the actions set forth in paragraph 1.

3. "Document," as that term used herein, shall include, without limitation, all original written, recorded, electronic or graphic materials, and all copies thereof.

4. "Subpoenaed Materials," as that phrase is used herein, shall refer to all documents, materials, information or testimony that Citigroup produces or discloses in response to the Subpoena or any other requests for information or documents by the Judgment-Creditors, including, but not limited to, documents, materials, information or testimony concerning Orascom.

5. The Subpoenaed Materials shall be used strictly and solely for purposes of enforcement of the Judgment in court proceedings. All persons and/or entities to whom Subpoenaed Materials are provided agree that they will not provide, disseminate, or cause to be disseminated any Subpoenaed Materials to any person or entity who is not directly involved in the legal proceedings to enforce the Judgment.

6. The inadvertent production of any Subpoenaed Materials shall be without prejudice to any claim that such Subpoenaed Materials is privileged or protected from discovery

as attorney work-product or by reason of any other applicable privilege, protection or immunity, including without limitation the attorney-client privilege, and no party or non-party shall be held to have waived any rights by such inadvertent production. If a claim of inadvertent production is made pursuant to this paragraph 6 with respect to information then in the custody of another party, such party shall immediately return to the claiming party or person that material as to which the claim of inadvertent production has been made and all copies thereof (including any and all copies from any litigation-support or other database), and the receiving party shall destroy all notes or other work product reflecting the contents of such material, and shall not use such information for any purpose other than in connection with a motion to compel. The party returning such material may then move the Court for an Order compelling production of the material, but said motion shall not assert as a ground for entering said Order the fact or circumstance of the inadvertent production. If the party receiving notice of inadvertent production does elect to move the Court for an Order compelling production, that party may keep one copy of the inadvertently produced Subpoenaed Materials to be used only in connection with that motion. The parties and non-parties agree that permission to keep the one copy for the sole purpose of that motion shall not be grounds for arguing that the document is not privileged or that any privilege was waived.

7. Any person or entity who comes into possession of Subpoenaed Materials pursuant to the terms of this Stipulation and Order, shall maintain those materials in a reasonably secure manner, and shall take all reasonably available steps so as to avoid disclosure of their contents to anyone except those authorized to receive such materials as provided herein.

8 "Confidential Materials," as that phrase is used herein, shall refer to all Subpoenaed Materials that Citigroup has made a good faith determination contain (1) trade

secret or other confidential research, proprietary or commercial information, (2) customer or proprietary account information, (3) information and/or documents provided to Citigroup on behalf of a customer, or (4) information and/or documents that Citigroup is legally or contractually required to keep confidential.

9. A document may be designated "Confidential" at or prior to the time of production by stamping "Confidential" on each page of the Subpoenaed Materials Citigroup deems to be confidential. In the case of depositions, Citigroup may designate as "Confidential" any portion of a deposition transcript that Citigroup deems to contain confidential information. The reporter shall mark "CONFIDENTIAL" on the face of the transcript at the beginning and end of any portions thereof designated as confidential. A deposition may be designated as confidential either orally at the deposition, or in writing no later than thirty days after the date on which the transcript is made available by the court reporter for distribution to counsel. Until the expiration of the thirty-day period, the parties shall treat the entire transcript as containing Confidential Materials.

10. Confidential Materials and all information or documents containing and/or created or derived from any Confidential Materials shall not be disclosed, directly or indirectly, to any person except as such disclosure is necessary to:

(a) the Court, necessary Court personnel and jurors;

(b) outside counsel for the named parties who have appeared on the record in any of the proceedings set forth in paragraph 1;

(c) outside counsel for Orascom that has entered an appearance in the actions/proceedings in paragraph 1 which, to date, is the law firm of White & Case LLP;

(d) the named parties in the Rhode Island Action;

(e) other outside counsel who have been retained by a named party in the Rhode Island Action in connection with enforcement of the Judgment but, with respect to each such counsel, only insofar as necessary to pursue enforcement of the Judgment. For purposes of this Stipulation and Order, other outside counsel, as referred to herein, shall include lawyers affiliated with the firm of Nitsana Darshan-Leitner and Associates located at 11 Hatakim Street, Petach Tikva 49389, Israel. No other lawyers/law firm located outside the United States shall be given access to Confidential Materials or information derived therefrom;

(f) any Receiver appointed by the Court in the Rhode Island Action to conduct enforcement proceedings; *provided however*, that said Receiver will have first become a signatory to this Stipulation and Order;

(g) court reporters transcribing depositions or testimony in the Rhode Island Action and in any enforcement proceedings;

(h) persons who are or were authors or recipients of the Confidential Materials;

(i) Subject to paragraphs 11 and 12 hereof, witnesses or deponents, during their examinations, who counsel for an examining party believes in good faith have a need to review such material witnesses at depositions;

(j) any expert retained or consulted by the Judgment-Creditors in the Action in connection with the enforcement of the Judgment and those working under their direction or control but only insofar as necessary to pursue enforcement of the Judgment; and

(k) outside photocopying, graphic production services, litigation support services, or investigators employed by the named parties in the Rhode Island Action in connection with the enforcement of the Judgment.

11. All persons to whom Confidential Materials are disclosed pursuant to Paragraph 10, other than those listed in Paragraph 10(a) and (g), including all counsel, shall, prior to disclosure, be provided with a copy of this Stipulation and Order and be informed that they are being provided with Confidential Materials that are subject to the terms of this Stipulation and Order and may not be disclosed other than pursuant to the terms hereof.

12. All persons or entities to whom Confidential Materials are to be disclosed shall, other than those listed in 10(a) and (g), shall prior to receiving such materials, be required to execute a certification in the form of Attachment A hereto evidencing their agreement to and be bound by the terms of this Stipulation and Order, including their consent to be subject to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of enforcing the term of the Stipulation and Order, and not to disclose or use any Confidential Materials in a manner or for purposes other than those permitted hereunder. The individuals or entities identified in paragraphs $10(b)^2$,(c), (e), (f), (i) and (j) may not receive Confidential Materials unless and until they execute, and provide to Citigroup's counsel a signed copy of the certification annexed hereto as Attachment A evidencing their agreement to be bound by the terms of this Stipulation and Order.

13. In the event that any person or entity receiving Confidential Materials pursuant to this Stipulation and Order needs to file with any court of law or any other government agency any Confidential Materials or information derived therefrom, or any papers

---

[2] Other than counsel that is a signatory to Stipulation and Order.

containing or making reference to such information, the pages containing such Confidential Materials shall be filed only in sealed envelopes on which shall be endorsed the caption in the forth in the relevant action as set forth in paragraph 1 and which shall clearly bear the word "CONFIDENTIAL PURSUANT TO COURT ORDER". All materials filed under seal shall be available to the court and to counsel for the parties for viewing and/or copying. Filing under seal shall be without prejudice to any party's right to argue before any court or other governmental agency that such document is not confidential and need not be preserved under seal. The person or entity filing Confidential Materials with any court or government agency shall also file a redacted copy of the Confidential Materials in the public record, from which all confidential information has been removed.

14. If at any time any Confidential Materials are subpoenaed by another court, administrative or legislative body, or otherwise sought by any other person or entity purporting to have authority to require the production thereof, the person to whom the subpoena is directed shall promptly give written notice, and include a copy of the subpoena or request, to Citigroup; *provided however*, the parties agree that in the event a Receiver is appointed by the Court in the Rhode Island Action to conduct enforcement proceedings such Receiver will be bound by the terms of the Agreement and Order and the Judgment Creditors, and their counsel expressly agree to take all steps necessary to ensure that said Receiver becomes a signatory to this Agreement and Order. The person to whom the subpoena is directed also shall make all reasonable good faith efforts to provide Citigroup a reasonable period of time in which to seek to quash the subpoena, or to move for any protection for the Confidential Materials before the person to whom the subpoena is directed takes any action to comply with the subpoena. The person to

whom the subpoena is directed shall also make all reasonable good faith efforts to preserve the confidentiality and limit any required disclosure.

15. If at any time any person in receipt of Confidential Materials objects to a designation of documents or information under this Stipulation and Order, the objecting party shall so notify Citigroup in writing. The objecting party shall identify the information in question, and shall specify in reasonable detail the reason or reasons for the objection Within ten calendar days of the receipt of such notice, Citigroup and the objecting party shall meet-and-confer in an effort to resolve their differences. If the parties cannot resolve their disagreement, either the party objecting to the designation or Citigroup may seek appropriate relief from the United States District Court for the Southern District of New York. Until the Court rules otherwise, or unless otherwise agreed to by the designated party, the documents or information shall remain Confidential.

16. Nothing in this Stipulation and Order shall be construed as preventing any party from objecting to the designation of any document as Confidential, or preventing Citigroup from seeking further protection for any material it produces in discovery, or waiving any other objections it has to the Subpoena.

17 Within forty-five days after the Judgment has been satisfied, any person or entity who has received Confidential Materials subject to the terms of this Stipulation and Order shall provide written certification to Citigroup that all such Confidential Materials have either been destroyed or returned to Citigroup.

18. Nothing in this Stipulation and Order shall prevent a party from using any Confidential Materials at trial or at a hearing; *provided however*, that anyone in possession of Confiential Materials shall make use all reasonable efforts to limit disclosure of such materials.

Prior to the use of such hearing or trial, the party or non-party shall notify Citigroup of its intention to use Confidential Materials and cooperate with Citigroup, including but not limited to seeking relief from the Court, including relief limiting disclosure and the manner thereof of Confidential Materials during the course of any such proceeding to persons authorized to receive disclosure by this Stipulation and Order.

19. All persons or entities who receive Confidential Materials subject to this Stipulation and Order shall have the responsibility to advise Citigroup of any losses or compromises of the confidentiality of information or documents governed by this Stipulation and Order. It shall be the responsibility of the person or entity that lost or compromised the Confidential Materials to take reasonable measures to limit the loss or unauthorized disclosure.

20. This Stipulation and Order shall not prevent Citigroup or any other party from applying to the Court for further or additional protective orders or for the modification of this Stipulation and Order.

21. The provisions of this Stipulation and Order shall not terminate at the conclusion of the Action or the efforts to enforce the Judgment.

Dated: March , 2007
New York, New York

JAROSLAWICZ & JAROS

By: /s/ Robert J. Tolchin

Robert J. Tolchin (RJT-___)
150 William Street
15th Floor
New York, NY 10038
Tel: (212) 227-2780

Attorneys for Plaintiff The Estate of Yaron Ungar, et al.

DAVIS WRIGHT TREMAINE LLP

By: /s/ Sharon Schneier

Sharon L. Schneier (SLS-1151)
1633 Broadway
New York, NY 10019
Tel: (212) 489-8230

Attorneys for Citigroup, Inc. f/k/a Smith Barney

SO ORDERED:

_____
U.S. District Court Judge

3-22-07

Attachment A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
THE ESTATE OF YARON UNGAR, ET AL.

        Plaintiffs,

        v.

ORASCOM TELECOM HOLDING S.A.E., et al.

        Defendants.
------------------------------------------------------------- x

CASE NO. 05-CV-7765 (CM)

1. I, _____, have read the foregoing Stipulation and Order of Confidentiality, dated March ___, 2007 (the "Confidentiality Order"), and agree to be bound by its terms with respect to any documents, information or material that are furnished to me as set forth in the Confidentiality Order.

2. I further agree not to disclose to anyone such documents, information, or materials except as expressly authorized by the Confidentiality Order.

3. I hereby consent to the jurisdiction of the United States District Court for the Southern District of New York for the limited purpose of any proceedings to enforce the terms of this Confidentiality Order and agree to be bound by that Court's orders and rulings.

4. I hereby agree that any documents, materials or information furnished to me will be used by me only for the purposes as set forth in the Confidentiality Order and for no other purpose, and will be returned to the person who furnished such documents, materials or information to me or destroyed upon completion of the task or purpose for which I was provided access to such material but in no event more than 45 days after the Judgment has been satisfied. In the event the documents are destroyed, the destroying entity or individual shall send a letter to Citigroup's counsel certifying that the documents were destroyed.

Dated: _____

_____
Print Name            Title

NYC 1\*1255\*1 0067486-000007